■ In the Matter of HAROLD COULTER, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement benefits. ¶ On July 29, 1980, petitioner, a tractor trailer operator employed by the Office of General Services, slipped and fell eight feet while attempting to secure the load on the dump truck he was operating. As a result of the fall, he sustained a lacerated scalp, a fractured left hand and a cervical strain necessitating five days of hospitalization. Prior to this occurrence, he had suffered from multiple sclerosis and considerable atrophy of the muscles in his right hand. After his fall he never returned to work. This CPLR article 78 proceeding was instituted following the denial of petitioner's request for accidental disability retirement benefits by the Comptroller. ¶ At the outset, it is worth noting that the hearing officer's determination to deny the application on the ground that the incident of July 29, 1980 did not constitute an accident within the meaning of section 63 of the Retirement and Social Security Law did not bind the Comptroller to adopt that same conclusion (Retirement and

Social Security Law, § 74, subd b; *Matter of Cohen v Levitt*, 36 AD2d 992, 993, mot for lv to app den 29 NY2d 486). More importantly, the dispositive issue here is not whether an accident occurred, but whether the Comptroller's conclusion that petitioner's permanent disability is not the natural and proximate result of an accident is supported by substantial evidence (*Matter of Nicotera v Regan*, 78 AD2d 932). We find that it is. The orthopedic surgeon testifying on behalf of the retirement system opined that "there was very little permanency to the cervical pain" and that petitioner "would have very mild disability to the left hand", concluding "that the injuries to [petitioner's] hand and neck would not preclude his working as a truck driver, but that the multiple sclerosis and combination of other injuries precluded his return to work". Since the record furnishes an ample basis for the Comptroller's decision, it must be ratified. ¶ Determination confirmed, and petition dismissed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.