[679 NYS2d 214]

In the Matter of VINCENT J. GUIDO, JR., Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM et al., Respondents.

Third Department, November 5, 1998

## APPEARANCES OF COUNSEL

*Hamburger, Maxson & Yaffe, L. L. P.,* Melville (*Richard Hamburger* of counsel), for appellant.

*Dennis C. Vacco, Attorney-General,* Albany (*Francis V. Dow* of counsel), for respondents.

## OPINION OF THE COURT

SPAIN, J.

The facts in this case are not disputed. From 1962 until 1994 petitioner held a number of teaching positions as a member of respondent New York State Teachers' Retirement System (hereinafter TRS). In January 1994 he ceased full-time teaching and, having vested his pension rights, was credited with 31 years of service. From 1958 to 1971, petitioner also engaged in seasonal employment with the New York Office of Parks, Recreation and Historic Preservation.

In 1994 petitioner inquired about the possibility of receiving retirement credit for his prior service with Parks and Recreation; he eventually joined the New York State and Local Employees' Retirement System (hereinafter ERS). In December 1994, petitioner was notified that a membership in tier I of the ERS, retroactive to 1958, was being established in his name and that he was being credited with 12.21 years of service in that retirement system in connection with his prior seasonal employment. Thereafter, pursuant to petitioner's request, his service credit in ERS was transferred to TRS. Notably, petitioner was only credited with an additional five years and seven months in TRS because his seasonal employment had partially overlapped years for which TRS had already credited him with a full year. This additional credit brought his total service credit in TRS to 36 years and seven months.

Petitioner applied for retirement with TRS and his retirement became effective July 6, 1995. However, petitioner did not receive a pension based on 36 years and seven months of service. Instead, his pension was based on 31 years with TRS plus the pension he would have received from ERS had he not transferred that service to TRS, the sum of which was substantially less than if his pension had been calculated based on 36 years and seven months' service in TRS. He was advised by TRS that the reason for the calculation used was that Education Law § 522 (2) and Retirement and Social Security Law § 43 (d) do not permit a member to enjoy the greater pension resulting from transferring service credit from one system to another if that transfer takes place within three years of the member's retirement. Petitioner initiated this proceeding pursuant to Education Law § 509 (9), CPLR 7801 and 7803 (3), and 42 USC § 1983 seeking credit in his TRS pension for his full 36 years and seven months of service or equivalent money damages, claiming that the failure of TRS to provide petitioner with a hearing or other opportunity to be heard regarding the calculation of his pension violated his right to due process, that TRS' determination was arbitrary, capricious and without rational basis, and that it violated his right to equal protection. Supreme Court found TRS' interpretation of Education Law § 522 (2) and Retirement and Social Security Law § 43 (d) to be rationally based and in accord with legislative intent and dismissed the petition. Petitioner now appeals.

We affirm. Education Law § 522 and Retirement and Social Security Law § 43 permit certain State employees who are credited with member service in more than one retirement system to combine their service credits to maximize their pension benefits. However, the ability to make such a transfer is not available during the three years immediately prior to an employee's retirement. The portion of Education Law § 522 (2) in dispute provides that: "In case a contributor transfers between retirement systems under the laws of this state, he [or she] shall be credited in the system to which he [or she] is transferring with all service allowed to him [or her] in the first system. Such contributor, notwithstanding any other provision of law, shall on retirement after three years of service in the second retirement system be entitled to a pension based on a final average salary earned during any five consecutive years of service in either retirement system or in both retirement systems together, whichever average amount may be the greater, *with the condition that no such contributor shall be*

*entitled on retirement within three years of the date of his transfer to a greater pension for such service rendered before his transfer than he would have received had he remained under the pension provisions of the first retirement system*" (emphasis supplied).

Similarly, Retirement and Social Security Law § 43 (d) provides in relevant part that: "Such contributor, notwithstanding any other provision of law, shall on retirement *after three years of member service* in the second retirement system be entitled to a pension based on salary earned during member service in either retirement system, or in both retirement systems together, whichever may produce the greater pension pursuant to the statutory requirements of the second retirement system. *No such contributor, however, shall be entitled on retirement within three years of the date of his transfer, to a greater or lesser pension for such service rendered before his transfer than he would have received had he remained under the pension provisions of the first retirement system*" (emphasis supplied).

TRS interpreted these provisions to mean that a transfer of credit which occurs within three years of the employee's retirement, regardless of whether such transfer is contemporaneous with a change in employment, is not eligible for the greater pension that may result from combining service credits. Petitioner, however, contends that the use of the phrase "after three years of member service" in Retirement and Social Security Law § 43 (d) requires that the employee have changed employment and then worked three years in the second system before being allowed to transfer service credit from one system into a second system. He then equates the term "transfer" with "changing employment" and makes the same argument with regard to the language of Education Law § 522 (2). However, Retirement and Social Security Law § 43 (a) specifically refers to the ability of an employee to *transfer* his or her *membership in a retirement system*. Retirement and Social Security Law § 43 (c) and (d) both refer to a "transfer of credit".

In our view, the plain language of the statute does not equate "transfer" with "change of employment". Similarly, Education Law § 522 is entitled "Transfer of contributions between retirement systems". Notably, both statutes repeatedly use the term "transfer" with regard to an employee's ability to shift his or her service credit from one retirement system to another. Accordingly, the plain language of the statutes does not support petitioner's interpretation; as the interpretation adopted by

TRS is neither irrational nor unreasonable, it should be upheld (*see, Matter of Miller v New York State Teachers' Retirement Sys.*, 157 AD2d 890; *Matter of Whitehill v New York State Teachers' Retirement Sys.*, 142 AD2d 902, *affd* 73 NY2d 944; *Matter of Gallo v New York State Teachers' Retirement Sys.*, 121 AD2d 24, *lv denied* 69 NY2d 610).

Moreover, the statutes contain no ambiguity and, consequently, resorting to an examination of the legislative history is unwarranted (*see, Hanley v New York State Exec. Dept., Div. for Youth*, 182 AD2d 317, 320, n 2). However, even the legislative history quoted by petitioner repeatedly refers to transfers from one service or retirement system to another rather than from one job to another. Petitioner's own interpretation of the first two sentences of Retirement and Social Security Law § 43 (d) belies his argument that the Legislature was solely concerned with changes in employment. As petitioner acknowledges, those provisions provide for the transfer of reserves from one retirement system to another to support the additional benefits that the latter system will have to pay out. The Legislature allowed for up to one year from the date of the transfer request for that transfer of reserves to take place and the contributor is not credited with additional service in the latter system until that transfer takes place. It is clear that the Legislature was concerned not only with changes of employment, but with the logistics of funding the receiving retirement system, and that the three-year waiting period addresses that concern as well.

Although statutory interpretation by an administrative agency will be afforded great deference if the interpretation "involves knowledge and understanding of underlying operational practices or * * * evaluation of factual data" (*Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459), where, as here, the matter involves pure statutory interpretation, courts are "free to ascertain the proper interpretation from the statutory language and legislative intent" (*Matter of Gruber [New York City Dept. of Personnel—Sweeney]*, 89 NY2d 225, 231-232; *see, Matter of Hurst v Board of Educ.*, 242 AD2d 130, 134). In our view, neither the express language of the statutes nor the implied intent of the Legislature are contrary to the interpretation adopted by TRS.

We have considered petitioner's remaining contentions, including his constitutional arguments, and find them to be without merit.

CARDONA, P. J., PETERS, CARPINELLO and GRAFFEO, JJ., concur.

Ordered that the judgment is affirmed, without costs.