■ In the Matter of GERALD J. SCOTT, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, et al., Respondents. [754 NYS2d 468] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's request for retroactive membership in tier I of respondent New York State and Local Employees' Retirement System.

Petitioner was provisionally appointed as a Social Welfare Examiner by the Erie County Department of Social Services on July 10, 1972 and held that position until April 30, 1973. He subsequently joined respondent New York State and Local Employees' Retirement System on October 6, 1977.

In February 2000, petitioner applied for reinstatement as a tier I member of the Retirement System pursuant to Retirement and Social Security Law § 645, which, as amended in 1999, allows former members of the Retirement System to be reinstated to their original tiers in certain circumstances. His application was twice denied on the ground that petitioner had not previously been a member of the Retirement System as required for reinstatement to an earlier tier. After administrative review of this determination proved unsuccessful, petitioner commenced this CPLR article 78 proceeding to challenge the denial of his application.

We confirm. As the administrative head of the Retirement System, respondent Comptroller is authorized to relieve temporary employees from otherwise mandatory membership in the Retirement System (*see* Retirement and Social Security Law § 40 [g]). Consistent with this authority, the Comptroller has adopted regulations allowing, but not requiring, provisional employees to join the Retirement System (*see* 2 NYCRR 302.1, 302.2). Despite petitioner's claim to the contrary, we find that the Comptroller rationally construed a "temporary" employee as including provisional employees (*see e.g. Seittelman v Sabol*, 91 NY2d 618, 624-625; *Matter of Howard v Wyman*, 28 NY2d 434, 438; *Matter of McBride v Regan*, 125 AD2d 797, 799), thus relieving provisional employees from mandatory membership in the Retirement System. We also reject petitioner's claim that these regulations were adopted after his provisional service had ended and, thus, cannot be applied to him since the regulations at issue here were first adopted in 1951. As petitioner was not a mandatory member of, and did not opt to join, the Retirement System at the time of his prior provisional service, the Comptroller correctly concluded that petitioner was not eligible for reinstatement to tier I of the Retirement System.

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.