■ In the Matter of STEPHEN R. WALROTH, Appellant, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM, Respondent. [787 NYS2d 717]—

Per Curiam. Appeal from a judgment of the Supreme Court (Sheridan, J.), entered April 15, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Comptroller denying petitioner's request for reinstatement to tier I status in respondent.

Petitioner was employed by the College of Environmental Sciences and Forestry from May 1973 through September 1973 as a maintenance helper, and from May 1974 through September 1974 as a student assistant. He did not apply to join respondent on either occasion. Those joining before June 30, 1973 became members of respondent's benefit tier I; those joining in 1974 became members of tier II. He later entered employment with the Department of Correctional Services and became a member of tier III by joining respondent on January 11, 1982.

In February 2000, petitioner applied for reinstatement to the earliest benefit tier for which he was eligible pursuant to Retirement and Social Security Law § 645. He was ultimately granted reinstatement to tier II on the ground that as a student assistant in May 1974, his membership in respondent had been

mandatory. He was denied reinstatement to tier I, however, on the ground that as a maintenance helper in May 1973, he was neither a mandatory member nor had he opted to join respondent. After administrative review of this determination proved unsuccessful, petitioner commenced this CPLR article 78 proceeding challenging the determination denying him reinstatement to tier I membership as well as reimbursement of certain contributions. Supreme Court dismissed the petition and petitioner now appeals.

We affirm. Retirement and Social Security Law § 645 allows a current member of respondent to apply for reinstatement to their original tier in certain circumstances (*see* Retirement and Social Security Law § 645 [2]; *Matter of Scott v McCall*, 302 AD2d 675, 675 [2003]). To obtain reinstatement to tier I, petitioner needed to show that he joined respondent prior to July 1, 1973 (*see* 2 NYCRR 325.2 [a]), or that membership was mandatory for his job title of maintenance helper. Under the Civil Service Commission's jurisdictional classifications in existence at that time, the job title of maintenance helper was within the "labor class." According to Retirement and Social Security Law § 40 (b), membership in respondent is not mandatory for those employed in the "labor class." As petitioner was not a mandatory member of, and did not opt to join, respondent in 1973, Supreme Court properly denied petitioner's request for reinstatement to tier I status.

We must also reject petitioner's contention that he is entitled to reimbursement of contributions that he made to respondent prior to December 1999. Contributions made to respondent by a member who rejoined his or her current system on or after July 27, 1976 are not refundable (*see* Retirement and Social Security Law § 645 [2]). Supreme Court correctly held that petitioner rejoined respondent in January 1982 and, therefore, is not entitled to reimbursement. We have considered petitioner's remaining contentions and find them to be without merit.

Mercure, J.P., Crew III, Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.