In the Matter of JACQUALYN M. HESSION, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [806 NYS2d 281]—

Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner reinstatement to tier 1 membership in respondent New York State and Local Employees' Retirement System.

Petitioner was employed as a seasonal employee by the Town of Oyster Bay in Nassau County from May 1973 until July 1973. For seasonal employees, membership in respondent New York State and Local Employees' Retirement System was optional, but the Town never informed her that she was eligible to join. In September 1973, petitioner began employment with Nassau County. In March 1974, she joined the Retirement System as a tier 2 member. Petitioner left her employment with the County

in 1981. Her membership in the Retirement System was statutorily terminated in 1988 due to her seven-year absence from public employment. Petitioner recommenced public employment with the Town in 1990 and reenrolled in the Retirement System with tier 4 status. In 1996, she filed an application for retroactive membership pursuant to Retirement and Social Security Law § 803. That application was denied because she had not been in continuous public service (*see* Retirement and Social Security Law § 803 [b] [2]). Petitioner did not seek review of that denial.

In 2000, petitioner filed an application for reclassification to tier 1 status pursuant to Retirement and Social Security Law § 645. The Retirement System denied her request for tier 1 status, but did grant her reinstatement to tier 2 status based on her 1974 membership.* Petitioner requested a hearing and redetermination regarding the denial of tier 1 status, as well as the 1996 denial under Retirement and Social Security Law § 803. A Hearing Officer found that the section 803 request was untimely, but held that petitioner was entitled to tier 1 status. Respondent Comptroller mainly rejected the Hearing Officer's findings and conclusions; he held that the section 803 request was barred as untimely and that petitioner was only entitled to tier 2 status. Petitioner commenced this proceeding seeking review of the Comptroller's determination.

We confirm. Petitioner's claim under Retirement and Social Security Law § 803 was time-barred because she did not appeal the 1996 denial. Additionally, she was not in continuous public service, as required by that statute (*see* Retirement and Social Security Law § 803 [b] [2]). Retirement and Social Security Law § 645 grants tier reinstatement only when a petitioner was a mandatory member of the Retirement System at the time of the prior service or actually joined the Retirement System at that time (*see Matter of Walroth v New York State & Local Employees' Retirement Sys.*, 14 AD3d 918, 919 [2005]; *Matter of Scott v McCall*, 302 AD2d 675, 676 [2003]). Under that statute, petitioner was entitled to tier 2 status pursuant to Retirement and Social Security Law § 645, but not tier 1 status. Petitioner contends that she is entitled to tier 1 reinstatement if the two statutes are read together. As nothing in either statute permits a melding of the two rather than consideration of each independently, we must deny that contention, without resort to legislative history, based on the plain language of the statutes (*see Matter of Guido v New York State Teachers' Retirement Sys.*, 250 AD2d 31, 35 [1998], *mod* 94 NY2d 64 [1999]).

---

* The cut-off date for tier 1 status was July 1, 1973.

Erroneous advice by the Town, including its failure to inform petitioner that she could have joined the Retirement System in May 1973, cannot estop the Comptroller from performing his duties and denying any reinstatement that is contrary to the statutes (*see Matter of Smith v New York State & Local Retirement Sys.*, 199 AD2d 763, 764 [1993]). The Comptroller's denial of tier 1 status cannot be considered an unconstitutional taking because, having never enjoyed tier 1 status, petitioner never had a property interest in that tier status.

Cardona, P.J., Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.