In the Matter of BERNARD CARABELLO, Petitioner, v THOMAS P. DINAPOLI, as Comptroller of the State of New York, et al., Respondents. [858 NYS2d 841]—

Malone Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which, among other things, denied petitioner's application for reinstatement to tier 1 membership in respondent New York State and Local Employees' Retirement System.

In August 2003, petitioner filed an application for reinstatement to tier 1 membership in respondent New York State and Local Employees' Retirement System based upon his claim that, while a resident of the former Willowbrook State School in Richmond County, he was compelled to provide uncompensated services for which he was entitled to both service credit and placement in tier 1. This initial application was denied, prompting counsel for petitioner to reiterate the request in October 2004. When petitioner again was denied relief, he sought and received a hearing, at the conclusion of which the Hearing Officer denied petitioner's application concluding that petitioner was not eligible for the requested service credit because he was not paid a salary for the services he performed at Willowbrook. The Hearing Officer also denied petitioner's application for reinstatement to tier 1, finding that petitioner did not meet the

statutory requirements for tier 1 reinstatement. Respondent Comptroller thereafter adopted the Hearing Officer's decision and denied petitioner's application for service credit and tier 1 reinstatement. Petitioner then commenced this proceeding pursuant to CPLR article 78, subsequently transferred to this Court, to annul the Comptroller's determination.

We confirm. "Retirement and Social Security Law § 645 grants tier reinstatement only when a petitioner was a mandatory member of the Retirement System at the time of the prior service or actually joined the Retirement System at that time" (*Matter of Hession v New York State & Local Employees' Retirement Sys.*, 24 AD3d 1008, 1009 [2005]; *see Matter of Walroth v New York State & Local Employees' Retirement Sys.*, 14 AD3d 918, 919 [2005]; *Matter of Scott v McCall*, 302 AD2d 675, 676 [2003]). Here, the Retirement System's director of member and employer services testified that petitioner was not a member of the Retirement System during his years at Willowbrook and, absent payroll records and information regarding a potential job title or civil service classification, she could not determine whether the services performed by petitioner would have resulted in mandatory membership in the Retirement System. Under such circumstances, the Comptroller properly denied petitioner's application seeking reinstatement to tier 1.

We reach a similar conclusion regarding petitioner's request for service credit. Preliminarily, the Comptroller is vested with exclusive authority to determine retirement service credit, and his determination in this regard, if supported by substantial evidence in the record as a whole, will be upheld (*see Matter of DeLuca v New York State & Local Employees' Retirement Sys.*, 48 AD3d 876, 877 [2008]; *Matter of Siepierski v New York State & Local Retirement Sys.*, 46 AD3d 1316, 1317 [2007]). Although there is no dispute that Willowbrook was a "participating employer" (Retirement and Social Security Law § 2 [8], [20]), where, as here, a member seeks credit for "[g]overnment service" (Retirement and Social Security Law § 2 [11], [17]), such service must be "[p]aid service" within the meaning of Retirement and Social Security Law § 2 (11) (*see Matter of Siepierski v New York State & Local Retirement Sys.*, 46 AD3d at 1317; *Matter of Catena v New York State Employees' Retirement Sys.*, 91 AD2d 1138, 1139 [1983]). Here, petitioner readily admits that he was not "employed" by Willowbrook, nor was he ever paid a salary for the work he performed or the services he provided while there. Rather, petitioner was "compensated" with nonmonetary privileges such as food and cigarettes. Accordingly, the Comptroller appropriately concluded that petitioner was not entitled to the requested service credit.

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.