■ In the Matter of CHARLES R. WILSON, JR., Petitioner, v THOMAS P. DINAPOLI, as Comptroller of the State of New York, Respondent. [859 NYS2d 314]—

Stein, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's request for retroactive membership in the New York State and Local Employees' Retirement System.

Petitioner was employed by Herkimer County from April 1967 until January 1968. He was initially hired as a laborer, but after a few months agreed to drive a truck. Petitioner received road training and obtained a class 3 driver's license. At the time he began driving a truck, he also received a pay raise from $1.65 to $2.10 per hour. In addition to driving, petitioner continued to perform some of the tasks of a laborer. When petitioner requested the opportunity to join the New York State and Local Employees' Retirement System, he was told that he was not eligible because he had been hired as a laborer.

After working in the private sector for approximately 20 years, petitioner again became a public employee in 1987. In 2005, petitioner applied to the Retirement System for reinstatement as a tier 1 employee based on his earlier employment with Herkimer County. Respondent ultimately denied petitioner's application on the basis that he had not submitted documentation from the state or county civil service department establishing that he was employed in the title of a truck driver (for which membership in the Retirement System was mandatory, thereby entitling him to retroactive membership in tier 1). Petitioner commenced this proceeding pursuant to CPLR article 78 challenging that determination.

A person who was a member of the Retirement System, or who was employed in a position where membership was mandatory, prior to July 1, 1973, whose membership ceased and who subsequently rejoins the Retirement System, may apply for reinstatement to tier 1 (see Retirement and Social Security Law § 645 [2]; § 803 [b]; Matter of Hession v New York State & Local Employees' Retirement Sys., 24 AD3d 1008, 1009 [2005]; Matter of Walroth v New York State & Local Employees' Retirement Sys., 14 AD3d 918, 919 [2005]). Here, the parties agree that petitioner is not entitled to retroactive membership in the Retirement System unless he was employed in the position of truck driver, as opposed to the position of laborer (see Retirement and Social Security Law § 40 [b] [1]). Petitioner argues that he supplied substantial evidence that he became a truck driver and, therefore, that respondent's determination should be annulled. We disagree.

Respondent "shall have exclusive authority to determine all applications for any form of retirement or benefit provided" (Retirement and Social Security Law § 74 [b]). Moreover, respondent is not bound by the hearing officer's determination (*see* Retirement and Social Security Law § 74 [b]; *Matter of Coulter v Regan*, 101 AD2d 923, 923-924 [1984]). Petitioner has the burden of proving all elements of his claim (*see* State Administrative Procedure Act § 306 [1]). Where different inferences may be drawn from the proof presented, the determination is for respondent to resolve (*see Matter of Sitrin v Regan*, 90 AD2d 583, 584 [1982], *lv denied* 58 NY2d 605 [1983]), and his determination must be upheld so long as it is rational and supported by substantial evidence (*see* CPLR 7803 [4]; *Matter of Mahoney v Board of Educ. for Greater Amsterdam School Dist.*, 256 AD2d 796, 797 [1998], *lv denied* 93 NY2d 804 [1999]).

Here, petitioner admitted that he continued to perform some work as a laborer even after he began driving a truck, and the testimony of petitioner's fellow employees did not unequivocally establish that petitioner had been reclassified to a truck driver's title. Contrary to petitioner's contentions, we disagree that his attainment of a class 3 license and his increase in pay are subject to only one interpretation. We also find that respondent's reliance on the fact that the employment records indicate that petitioner never held any position other than that of a laborer, together with all of the record evidence, provide a rational basis for respondent's determination. We have considered petitioner's remaining contentions and find them to be either unpreserved for our review or without merit.

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.