In the Matter of WILLIAM J. LIBERTY, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM, Respondent. [924 NYS2d 629]—

Kavanagh, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the

Comptroller which denied petitioner's request for retroactive tier 1 membership with respondent.

Petitioner was employed as a lifeguard by the Town of Saranac, Clinton County during the summers of 1972 and 1973, but did not join respondent until 1977, when he was employed as a correction officer. In 2005, petitioner filed an application with respondent, which requested that he be placed in tier 1 based on his service as a lifeguard. After the application was denied, petitioner requested a hearing. A hearing was conducted and the Hearing Officer found that petitioner was entitled to tier 1 status, and granted the application. On review, the Comptroller overruled the Hearing Officer, concluding that petitioner was not eligible for the relief requested because he had not applied for membership in respondent while employed as a lifeguard, and membership in respondent was not a mandatory condition for employment in that position (*see* Retirement and Social Security Law § 40). Petitioner then commenced this CPLR article 78 proceeding challenging that determination.

Retirement and Social Security Law § 645 allows a current member of respondent to apply for credit for time he or she was employed in a public position if, as a condition of employment, he or she was required to be a member of respondent (*see Matter of Walroth v New York State & Local Employees' Retirement Sys.*, 14 AD3d 918, 919 [2005]). As relevant here, membership in respondent is mandatory for "[a]ll persons who enter or re-enter the service of the state or of a participating employer on *and after* [July 1, 1948], except those . . . [w]hose positions pay compensation at a rate of less than fifteen hundred dollars a year" (Retirement and Social Security Law § 40 [b] [1] [h]). Here, petitioner earned approximately $400 each year he served as a lifeguard and did not meet the $1,500 threshold. However, respondent adopted a policy that allowed some employees who earned less than $1,500 a year pension credits for the time they were employed in part-time public positions.[1] The policy, as implemented by respondent, used a formula to calculate the compensation these employees would have received had they worked for the entire year and if this projection established that their annual compensation would have met or exceeded the $1,500 threshold, the part-time position was deemed to be one

---

1. Respondent has since discontinued this policy and now requires that the employee actually earn $1,500 during the calendar year to obtain pension credits for service in a part-time position.

that required membership in respondent.[2] Respondent also required that these part-time employees, to be eligible for these pension credits, had to be paid on an hourly or per diem basis. At the hearing, respondent argued that since petitioner was paid by the week and not by the hour, his employment as a lifeguard did not qualify for these credits and his application for tier 1 status should be denied.[3] The Hearing Officer disagreed and concluded, based on the evidence presented at the hearing, that petitioner was, in fact, paid by the hour and, per respondent's policy, was a part-time employee who was required to be a member of respondent. The Comptroller disagreed and denied petitioner's application.

In our view, the Comptroller's determination that petitioner was not paid by the hour when he was employed as a lifeguard is not supported by substantial evidence (see *Matter of Wilson v DiNapoli*, 52 AD3d 931, 933 [2008]; *Matter of Carabello v DiNapoli*, 51 AD3d 1361, 1362 [2008]; *Matter of Siepierski v New York State & Local Retirement Sys.*, 46 AD3d 1316, 1317 [2007]). In addition to his own testimony, petitioner submitted an affidavit from the former Town Supervisor confirming that when petitioner was employed as a lifeguard, he was paid $2 and $2.06 per hour in 1972 and 1973, respectively. In his decision denying petitioner's application, the Comptroller relied on a single entry contained in the Town payroll records that stated that petitioner was paid for "three weeks at $50." Aside from being somewhat ambiguous, this entry is at odds with the Hearing Officer's determination that petitioner's pay totaled $400 in 1972 and $412 in 1973. Moreover, standing alone, this entry, when considered in connection with the other evidence introduced at the hearing—the bulk of which supports petitioner's claim that he was paid by the hour—does not provide substantial support for the Comptroller's decision rejecting his application for tier 1 status in respondent.

We must also note that, even if petitioner was paid by the week while employed as a lifeguard, respondent has not adequately explained why that fact alone should determine when part-time public employment qualified for mandatory membership in respondent. This is particularly troubling since respondent does not deny that it granted pension credits to

---

2. The computation involved multiplying the hourly wage paid to these employees by the average annual amount of hours worked on a yearly basis by full-time public employees who were members of respondent.

3. At oral argument, counsel for respondent agreed that if petitioner had established that he had been paid on an hourly basis, he would have been entitled to retroactive membership under respondent's former policy.

part-time employees who served as lifeguards during the same time period as petitioner, even though they, like petitioner, earned less than $1,500 each year for their service. While the Comptroller has the responsibility for making these policy decisions, such determinations must be fairly made and have a rational basis. Here, petitioner was treated differently from other part-time employees, not because he provided a different service, but because of the way his pay was calculated. Such disparate treatment of employees similarly situated, on its face, is arbitrary and lacks a rational basis, and the Comptroller's decision denying petitioner's application on these facts for that reason must be annulled (see Matter of Wilson v DiNapoli, 52 AD3d at 933).

Spain, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and matter remitted to the Comptroller for further proceedings not inconsistent with this Court's decision.