Spain, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner’s application for a refund of contributions.
Petitioner was employed as a lifeguard by New York State in 1968 and, periodically, in other state positions until April 1975, when he left state service. He did not apply to join respondent New York State and Local Employees’ Retirement System (here *1213 inafter respondent) during that period,[1] and he was reportedly never advised in 1968 that he was a mandatory tier 1 member of respondent. In January 1980, he reentered state employment with the Onondaga County District Attorney’s office and became a contributory tier 3 member. In 1996, petitioner’s application to be retroactively reinstated to tier 1 pursuant to Retirement and Social Security Law § 803 was denied because he had not “served continuously” in state service (Retirement and Social Security Law § 803 [b] [2]). This apparently caused respondent to review petitioner’s retirement status, and it soon thereafter determined that he had been employed in a noncompetitive position in 1968 for which he was a mandatory tier 1 member. In 1997, without notice to petitioner, he was administratively given a retroactive tier 1 membership with service credit for the initial years he had worked (1968-1975). However, upon further review, that reconstructed tier 1 membership was deemed by respondent to have automatically terminated in 1975 for inactivity under Retirement and Social Security Law § 40 former (f) (1).
Thereafter, petitioner applied for reinstatement to tier 1 pursuant to Retirement and Social Security Law § 645, which was ultimately granted in 2008. Retirement and Social Security Law § 645, which was adopted in 1998, allows current members of respondent who had reentered state service to apply for reinstatement to their original tier, under certain circumstances. Petitioner then requested a refund of the contributions he had made since 1980 as a tier 3 member. His request was denied on the ground that he did not qualify for a refund under the foregoing statute pursuant to which he was reinstated (see Retirement and Social Security Law § 645 [2] [last sentence]). After a hearing, the Hearing Officer denied his request for a refund of contributions in a written decision later upheld by respondent Comptroller. Petitioner then commenced this CPLR article 78 proceeding challenging the determination denying his request for a refund of the contributions he had made as a tier 3 member prior to his reinstatement to tier 1, a noncontributory tier, which proceeding Supreme Court transferred to this Court.
We confirm. The essential facts are not disputed. Pursuant to Retirement and Social Security Law § 645, petitioner was reinstated to tier 1 in 2008, retroactive to his initial employment date of July 4, 1968, based upon his employment from 1968 to 1975 in a position for which tier 1 membership was then mandatory. The only issue is whether he is entitled to a *1214 refund of the tier 3 contributions he had made from 1980 to 2008. Under the unambiguous terms of that statute, “[a]ny contribution made to [respondent] pursuant to article [14] or [15] of this chapter by a member who rejoined his or her current system on or after [July 27, 1976] shall not he refunded (Retirement and Social Security Law § 645 [2] [emphasis added]). Where, as here, the Comptroller’s application and interpretation of the relevant statutes are not “irrational, unreasonable or contrary to the statutory language,” its determination will be upheld (Matter of Lewandowski v New York State & Local Police & Fire Retirement Sys., 69 AD3d 1027, 1029 [2010]). Resort to legislative history is unnecessary given that the statutory directive is clear and unambiguous (see Matter of Hession v New York State & Local Employees’ Retirement Sys., 24 AD3d 1008, 1009 [2005]). The Comptroller correctly determined that petitioner rejoined tier 1 after that statutory date of July 27, 1976 and, therefore, he is precluded from obtaining a refund of contributions made while a tier 3 member (see Matter of Walroth v New York State & Local Employees’ Retirement Sys., 14 AD3d 918, 919 [2005]). As that determination is supported by substantial evidence, it will be upheld (see Matter of Jennings v New York State Off. of Mental Health, 90 NY2d 227, 239-240 [1997]).
Petitioner’s contention that he was (or should be considered to have been) continuously a tier 1 member since July 1968, which membership could not be and was not terminated, is unavailing. Under the law as it then existed in 1975, his reconstructed tier 1 membership terminated by operation of law as of December 1, 1975, after an aggregate of 60 total months (five years) of inactivity since July 4, 1968 (see Retirement and Social Security Law § 40 former [f] [l]).[2] Since he did not then have five full years of service credit, the statutory termination tolling provisions were not available to petitioner when he left state service on April 1, 1975 and became employed by the federal government (see Retirement and Social Security Law § 40 former [f] [1]). As his reconstructed tier 1 membership automatically terminated in 1975, and he rejoined respondent *1215 after July 27, 1976 — the commencement date for tier 3 membership — pursuant to Retirement and Social Security Law § 645 (2), he is precluded by that statute from being refunded for contributions subsequently made while a tier 3 member.
Likewise, petitioner did not have the 10 years of service required for vesting in 1975 and, thus, was subject to Retirement and Social Security Law § 40 (f) (5). This statute required that he request “termination of membership on a form prepared by the [Cjomptroller” when he left state service in that year in order to benefit from that rejoinder provision. Petitioner did not request termination of his membership when he left state service in 1975 but, rather, his membership automatically terminated for inactivity under Retirement and Social Security Law § 40 former (f) (1), as discussed. Thus, he did not qualify under Retirement and Social Security Law § 40 (f) (5) for tier 1 reinstatement in 1980 when he resumed state service; instead, only after Retirement and Social Security Law § 645 was enacted in 1998 did he qualify for such reinstatement. Thus, applying the law as it existed to the circumstances here, the result would be the same whether petitioner’s membership was reconstructed in 1980 or in 1997.
Again, that 1998 statute under which petitioner was reinstated — which expanded the rights of current members to apply for reinstatement to their original tier — specifically precludes a refund of contributions made as a contributory member for any member who rejoined on or after July 27, 1976, the end date for tier 2 membership (see Retirement and Social Security Law § 645). Indeed, the very design of that remedial statute is to allow current contributory tier 3 (and higher) members to be reinstated to their original, lower, noncontributory tier (i.e., tiers 1 or 2) with more generous benefits, but not to permit them to recoup contributions made while in the contributory tier.[3] This is clearly spelled out in the tier reinstatement application. The statute makes no distinctions for purposes of eligibility for a refund of contributions; the decisive and sole qualifying factor is the date the member rejoined, which disqualifies petitioner.
Finally, erroneous advice by petitioner’s employer, misplacement by respondent in a contributory tier or delayed reinstatement to a noncontributory tier “cannot estop the Comptroller from performing his duties and denying any reinstatement [or *1216 refund of contributions] that is contrary to the statutes” (Matter of Hession v New York State & Local Employees’ Retirement Sys., 24 AD3d at 1010; see Matter of Leisten v McCall, 285 AD2d 897, 899 [2001], lv denied 97 NY2d 605 [2001]). Under settled principles, “[t]he doctrine of estoppel will not provide eligibility where by statute a person clearly does not qualify” (Matter of Burns v Regan, 87 AD2d 944, 946 [1982], appeal dismissed 57 NY2d 954 [1982]; see Goodman v Regan, 151 AD2d 958, 960 [1989]). Petitioner’s remaining claims do not warrant a different conclusion.
Rose, J.P., Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

. Those who joined on or before June 30, 1973 became tier 1 members of respondent, and those joining thereafter (but before July 27, 1976) were in tier 2 (see 2 NYCRR 325.2 [a], [b]).

. Retirement and Social Security Law § 40 former (f) (1) provided, in 1975, that membership would be terminated: “When the government service of a member shall amount to less than five years in any period of ten consecutive years provided, however, that no part of either of such periods shall run during such time as a member, with at least five years of member service credit, shall serve . . . [in] the federal government.” The latter tolling provision is inapplicable, as petitioner did not have five years of service credit when he left in 1975 due to the intermittent nature of his state service between 1968 and 1975.

. Respondent established at the hearing that such contributions and interest are transferred to the Pension Accumulation Fund to offset the increased cost of tier 1 benefit improvements (see Retirement and Social Security Law § 23).