*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 16, 2015                    519417
_____

In the Matter of LAURA FLERX
    et al.,
                        Petitioners,

        v                                              MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as
    Comptroller of the State of
    New York, et al.,
                        Respondents.
_____

Calendar Date:  February 17, 2015

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

                        _____


        Ruskin Moscou Faltischek, PC, Uniondale (E. Christopher
Murray of counsel), for petitioners.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondents.

                        _____


McCarthy, J.P.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review four determinations of respondent Comptroller which denied
petitioners' applications to enroll in the New York State and
Local Employees' Retirement System.

        Petitioners are employees of the Stony Brook University
Medical Center (hereinafter SBUMC).  Petitioners Laura Flerx,
Elefteria Hertzson and Scot Weber allege that, shortly after they
commenced their employment, they were informed by SBUMC
representatives that they could not enroll in the New York State

and Local Employees' Retirement System (hereinafter NYSLERS) and that they had to enroll in the Optional Retirement Program (hereinafter ORP). Petitioner Steven Schindler alleged that he never completed a retirement plan enrollment form, but was nonetheless enrolled in ORP. Upon learning, years later, that they had been eligible for enrollment in NYSLERS, petitioners applied for enrollment but were denied. Following a hearing, petitioners' applications were denied by a Hearing Officer. Respondent Comptroller subsequently adopted the Hearing Officer's determinations. Petitioners commenced this proceeding seeking to annul the determinations and obtain enrollment in NYSLERS.

The Comptroller's determinations should be upheld because they are supported by substantial evidence. Courts will not disturb the Comptroller's application and interpretation of relevant statutes unless it is irrational or contrary to the plain language of the statutes (see Matter of Price v New York State & Local Employees' Retirement Sys., 107 AD3d 1212, 1214 [2013]). Education Law § 393 (1) (a) provides that eligible employees "shall elect" to join either NYSLERS or ORP. If an employee fails to make an election, he or she "shall be deemed to have elected membership in [NYSLERS]" (Education Law § 393 [1] [b]). Upon enrollment in ORP, an employee becomes "ineligible for membership" in NYSLERS (Education Law § 393 [2]).

Flerx and Weber each testified that they met with a human resources representative of SBUMC who informed them that they could not enroll in NYSLERS, so they filled out forms electing ORP. Hertzson said that she received the same information, but did not check the box for ORP on the retirement program election form. Although she alleges that someone else must have checked the box, Hertzson acknowledged that she completed and signed a separate application to enroll in ORP. Schindler testified that he never enrolled in a retirement program and the enrollment form produced by SBUMC was forged. Despite this alleged forgery and not having enrolled in a retirement program, Schindler was aware that he had a pension plan, which was ORP, and did not object or raise any questions about it for 25 years after his employment began.

The Comptroller determined, through a reasonable application of these facts and the relevant statutes, that petitioners were ineligible for enrollment in NYSLERS because they were enrolled in ORP (see Education Law § 393 [2]). Petitioners contend that they did not "elect" to join ORP as opposed to NYSLERS — inasmuch as an election implies a voluntary choice, which was impossible here because they were misinformed and told that they had no options — so they should be deemed members of NYSLERS pursuant to Education Law § 393 (1) (b). As Education Law § 393 does not define "elect," and it is reasonable to interpret that word to include the filing of an enrollment form for one particular retirement program regardless of the applicant's knowledge of other options, we will not disturb the Comptroller's interpretation (see Matter of Price v New York State & Local Employees' Retirement Sys., 107 AD3d at 1214).

Finally, the Comptroller is not estopped from denying enrollment in NYSLERS, as required by statute once petitioners were enrolled in ORP (see Education Law § 393 [2]), due to erroneous advice supplied by petitioners' employer (see Retirement and Social Security Law § 45; Matter of Price v New York State & Local Employees' Retirement Sys., 107 AD3d at 1215-1216; Matter of Grella v Hevesi, 38 AD3d 113, 117 [2007]; Matter of Hession v New York State & Local Employees' Retirement Sys., 24 AD3d 1008, 1010 [2005]; see also Matter of Dear v New York State & Local Retirement Sys., 115 AD3d 1141, 1143 [2014], lv denied 23 NY3d 905 [2014]; Matter of Limongelli v New York State Employees' Retirement Sys., 173 AD2d 904, 906 [1991]).

Egan Jr., Devine and Clark, JJ., concur.

ADJUDGED that the determinations are confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court