*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 21, 2016          519326
_____

In the Matter of ERIC M. CLOSE,
                    Petitioner,

          v                              MEMORANDUM AND JUDGMENT

THOMAS NITIDO, as Deputy
    Comptroller of the
    State of New York,
                    Respondent.
_____

Calendar Date:  November 23, 2015

Before:  Peters, P.J., McCarthy, Egan Jr., Devine and Clark, JJ.

_____

        Eric M. Close, Waxhaw, North Carolina, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondent.

_____

McCarthy, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent denying petitioner's
application for designation of death benefits.

        Petitioner's father, William Close (hereinafter decedent),
passed away in January 2012.  Decedent's mother, Peggy Eythe, was
listed as his primary beneficiary on his last designation of
beneficiary form, dated November 17, 2011.  On a previous
designation of beneficiary form, dated July 26, 2010, petitioner
was listed as decedent's primary beneficiary.  After decedent's
death and upon being informed that he was no longer a primary
beneficiary of decedent's death benefits, petitioner submitted an

application for designation of death benefits to the New York State and Local Retirement System and requested an investigation and a hearing into whether Eythe submitted a fraudulent designation of beneficiary form. In response to petitioner's application, the Retirement System informed him that its records indicated that decedent had submitted a notarized change of beneficiary form and that payment would be made in accordance with the last valid designation. After a hearing, the Hearing Officer found that petitioner's testimony and the testimony of his witnesses were less credible than the Retirement System's witnesses and determined that petitioner had failed to meet his burden of establishing that the 2011 designation was invalid. Respondent accepted in its entirety the Hearing Officer's determination and, as a result, denied petitioner's application for designation of decedent's death benefits. Petitioner then commenced this CPLR article 78 proceeding to challenge respondent's determination. Supreme Court, finding an issue of substantial evidence, transferred the proceeding to this Court.

The Comptroller has exclusive authority to determine the validity of beneficiary designations on applications for death benefits, and when such a determination is supported by substantial evidence it must be upheld (see Matter of Hansen v McCall, 10 AD3d 832, 833 [2004]; Matter of Nisnewitz v Regan, 207 AD2d 605, 605 [1994], lv denied 84 NY2d 812 [1995]). As relevant here, petitioner had the burden of proving that the 2011 beneficiary designation was invalid (see State Administrative Procedure Act § 306 [1]; Matter of Wilson v DiNapoli, 52 AD3d 931, 933 [2008]; Matter of Swick v New York State & Local Employees' Retirement Sys., 213 AD2d 934, 935 [1995]).

According to petitioner, despite his knowledge that decedent had been diagnosed with stage four cancer, petitioner had not visited decedent – who lived in the same state and sometimes the same city – for approximately five months leading up to decedent's death. In contrast, Eythe, the primary beneficiary of the 2011 designation form, had moved in with decedent to help care for him. One reason that petitioner gave for his lack of consistent contact with decedent prior to decedent's death was that petitioner was busy "trying to inherit [an] apartment" from his recently deceased grandmother. Further,

although petitioner provided the testimony of a handwriting expert who opined that the signature on the 2011 designation of beneficiary form was forged, decedent's attorney testified directly to the contrary; he averred that he had witnessed decedent sign the 2011 change of beneficiary form and that he then notarized that form for decedent.  Given the eyewitness testimony regarding decedent's signature of the 2011 designation, the compelling evidence explaining decedent's motivation for changing his beneficiary from petitioner to Eythe and providing due deference to respondent's credibility determinations, we find that substantial evidence supports respondent's determination (see Matter of Wilson v DiNapoli, 52 AD3d at 933; see generally Felt v Olsen, 51 NY2d 977, 979 [1980]).  Petitioner's remaining contentions are without merit.

Peters, P.J., Egan Jr., Devine and Clark, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court