# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  March 17, 2016                521602
_____

In the Matter of ALPHONSE A.
   GRAZIOSE,
                    Petitioner,

      v

THOMAS P. DiNAPOLI, as
   Comptroller of the State of          MEMORANDUM AND JUDGMENT
   New York and Administrator
   of the New York State
   Employees' Retirement
   System and the New York
   State and Local Police and
   Fire Retirement System,
                    Respondent.
_____

Calendar Date:  February 18, 2016

Before:  Peters, P.J., Garry, Rose and Devine, JJ.

_____

        Law Office of Wayne J. Schaefer, Smithtown (Wayne J.
Schaefer of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondent.

_____

Devine, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent denying petitioner's
application for reinstatement to tier 1 membership in the New
York State and Local Employees' Retirement System.

Petitioner, a former tier 1 member of the New York City Police Pension Fund (hereinafter NYCPPF), began work as a police officer for the New York City Police Department in August 1966. After leaving this employment on September 24, 1972, he withdrew his contributions from the NYCPPF on November 24, 1972. In November 1977, petitioner began working for the Nassau County Sheriff's Department and became a tier 3 member of the New York State and Local Employees' Retirement System (hereinafter the Retirement System). He subsequently worked for the Office of Court Administration while retaining such membership. Petitioner began working for the Village of Amityville Police Department in 1981, and transferred his membership to the New York State and Local Police and Fire Retirement System. Based upon his entry date in the Retirement System, he was granted tier 2 status and retired as a tier 2 member in July 1986.

Petitioner unsuccessfully requested that his status be changed to tier 1 based upon his prior membership in NYCPPF, prompting him to commence a CPLR article 78 proceeding. This Court annulled respondent's determination and remitted the matter for further proceedings to ascertain petitioner's eligibility for tier 1 status under Retirement and Social Security Law § 40 (f) (5) (Matter of Graziose v DiNapoli, 110 AD3d 1205, 1207 [2013]). Following a further hearing, the Hearing Officer found that petitioner was not eligible. Respondent adopted the Hearing Officer's findings of fact and conclusions of law with a supplemental conclusion of law, and this CPLR article 78 proceeding ensued.

Initially, it is well settled that respondent is vested with the exclusive authority to decide applications for retirement benefits (see Retirement and Social Security Law § 374 [b]; Matter of Tamucci v DiNapoli, 133 AD3d 960, 961 [2015]; Matter of Heil v New York State & Local Retirement Sys., 125 AD3d 1088, 1088 [2015], lv denied 25 NY3d 906 [2015]). Notably, "[c]ourts will not disturb [respondent's] application and interpretation of relevant statutes unless [they are] irrational or contrary to the plain language of the statutes" (Matter of Flerx v DiNapoli, 127 AD3d 1449, 1450 [2015], lv denied 26 NY3d 901 [2015]; see Matter of Denson v DiNapoli, 129 AD3d 1271, 1272 [2015]).

Retirement and Social Security Law § 40 (f) (5) governs the resumption of membership in the Retirement System after it has been terminated due to a member's discontinuance of service. It provides, in relevant part, that membership shall cease "[w]hen a member . . . has discontinued service with the state or a participating employer for a period of at least thirty consecutive days and has requested termination of membership on a form prepared by [respondent]. . . by filing such form with [respondent]" (Retirement and Social Security Law § 40 [f] [5]). The statute further provides that "[i]f such person subsequently rejoins the [R]etirement [S]ystem within five years from the date he [or she] discontinued service with the state or a participating employer, such person shall be entitled to every retirement right, benefit and privilege which would have been available to him [or her] had he [or she] reentered employment on the date of such discontinuance from service" (Retirement and Social Security Law § 40 [f] [5]).

The statute presupposes "[m]embership in the retirement system" prior to discontinuing service (Retirement and Social Security Law § 40 [f]), which is clearly defined as the "New York State and [L]ocal Employees' Retirement System" (Retirement and Social Security Law § 10; see Retirement and Social Security Law § 2 [16]). The statute does not mention any other type of retirement system, even those that are operated by public or quasi-public organizations, such as NYCPPF. Indeed, it defines participating employers as those participating in the Retirement System (see Retirement and Social Security Law § 2 [20]). Furthermore, its requirement that discontinuance of membership be done on a form filed with respondent suggests that it covers only the Retirement System (see Retirement and Social Security Law § 40 [f] [5]). Respondent does not administer the NYCPPF (see Administrative Code of City of NY § 13-216), and petitioner did not file the required form with respondent when he ended his service with the New York City Police Department and withdrew his contributions from NYCPPF. In view of the foregoing, and giving deference to respondent's interpretation of the statute that he is charged with administering (see Matter of Brandt v DiNapoli, 126 AD3d 1165, 1167 [2015], lv denied 26 NY3d 904 [2015]), we find no support for the conclusion that membership in the NYCPPF equates to membership in the Retirement System for purposes of

Retirement and Social Security Law § 40 (f) (5). Therefore, respondent rationally refused to reinstate petitioner to tier 1 status based upon his prior NYCPPF membership, and we decline to disturb his determination. Given our disposition, we need not address petitioner's remaining claim.

Peters, P.J., Garry and Rose, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court