Matter of Schuyler v New York State & Local Employees' Retirement Sys. (2018 NY Slip Op 00874)





Matter of Schuyler v New York State & Local Employees' Retirement Sys.


2018 NY Slip Op 00874


Decided on February 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 8, 2018

524847

[*1]In the Matter of ROBERT SCHUYLER, Petitioner,
v
NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.

Calendar Date: January 19, 2018

Before: Garry, P.J., McCarthy, Mulvey, Aarons and Pritzker, JJ.


Hancock Estabrook, LLP, Syracuse (Janet D. Callahan of counsel), for petitioner.
Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for respondents.


Mulvey, J.

MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for reinstatement to tier 1 membership in respondent New York State and Local Employees' Retirement System.
Since 2004, petitioner has been employed by the state on a full-time basis as a keyboard specialist — first for the State University of New York and later for the Central New York Psychiatric Center. According to petitioner, he also was
employed by the state on a part-time basis from 1969 to 2008, during which time he worked as an organist and choir director — initially at the Marcy Psychiatric Center and later at the Central New York Psychiatric Center — providing musical accompaniment for religious services. Petitioner, who did not have a written contract with the state, recorded his hours by signing his name in a ledger book when he arrived for each service and initially was compensated at the rate of $8 per hour for two hours of work each week; his pay later was modified to $15 per worship service. No deductions for taxes or Social Security were taken from petitioner's earnings.
Petitioner first applied for membership in respondent New York State and Local Employees' Retirement System in 2004 and, in conjunction therewith, inquired in October 2005 [*2]as to whether he could obtain credit for his prior state service as an organist/choir director. The Retirement System acknowledged petitioner's request and indicated that a response would be forthcoming. In April 2008, petitioner was advised that the Retirement System had located payroll records from September 7, 1969 to October 15, 1969, which indicated that petitioner had been paid $80 for services performed at the Marcy Psychiatric Center. The Retirement System granted petitioner service credit for this period but, because petitioner earned less than $1,500 annually, membership in the Retirement System was optional under Retirement and Social Security Law § 40 (b) (1) (h) and, therefore, enrollment could not become effective until an application was received. As no application was received until petitioner applied for membership in 2004, retroactive enrollment was denied.
In the years that followed, petitioner, who was seeking reinstatement to tier 1 status and additional service credit, attempted to document his part-time work with the state and he supplemented his application on various occasions. Although petitioner tendered affidavits from the ministers with whom he had worked and provided copies of bulletins documenting that he was the organist for worship services at various points in time, he was unable to produce any tax returns, Social Security records or, initially, pay stubs to substantiate the claimed employment. When petitioner again sought reinstatement in July 2012, he attached check stubs covering the period from August 1976 to November 1999; none of those check stubs, however, bore petitioner's name, Social Security number or any other identifying information. Subsequent efforts to document petitioner's service evidenced only his employment with the state as a keyboard specialist beginning in 2004. As a result, by letter dated July 2, 2013, the Retirement System denied petitioner's request for tier reinstatement and additional service credit.
Petitioner thereafter requested a hearing, which was held on various dates between May 2014 and September 2015. At the conclusion thereof, the Hearing Officer denied petitioner's application for tier reinstatement and additional service credit, noting the lack of employment records to substantiate petitioner's claimed service as an organist/choir director from 1969 to 2008. The Hearing Officer further noted that, because the limited documentation available established that petitioner earned less than $1,500 annually, his membership in the Retirement System was optional; as petitioner failed to prove that he either was, was required to be or applied to be a member of the Retirement System during the relevant time period, he was not entitled to tier reinstatement under Retirement and Social Security Law § 645. Respondent Comptroller adopted the Hearing Officer's findings and conclusions, prompting petitioner to commence this CPLR article 78 proceeding to challenge the Comptroller's determination.
We confirm. The Comptroller "is vested with the exclusive authority to decide applications for retirement benefits" (Matter of Graziose v DiNapoli, 137 AD3d 1452, 1453 [2016]; see Retirement and Social Security Law § 374 [b]) — including applications seeking tier reinstatement or service credit (see Matter of Graziose v DiNapoli, 137 AD3d at 1453; Matter of Ratzker v Office of the N.Y. State Comptroller [N.Y. State & Local Retirement Sys.], 106 AD3d 1321, 1322 [2013], lv denied 22 NY3d 854 [2013]; Matter of Carabello v DiNapoli, 51 AD3d 1361, 1362 [2008]). As the applicant, petitioner bore the burden of proof (see Matter of Ratzker v Office of the N.Y. State Comptroller [N.Y. State & Local Retirement Sys.], 106 AD3d at 1322-1323; Matter of Wilson v DiNapoli, 52 AD3d 931, 933 [2008]), and the Comptroller's determination, if supported by substantial evidence in the record as a whole, will not be disturbed (see Matter of Ratzker v Office of the N.Y. State Comptroller [N.Y. State & Local Retirement Sys.], 106 AD3d at 1322; Matter of Carabello v DiNapoli, 51 AD3d at 1362).
"Retirement and Social Security Law § 645 grants tier reinstatement only when a petitioner was a mandatory member of the Retirement System at the time of the prior service or [*3]actually joined the Retirement System at that time" (Matter of Hession v New York State & Local Employees' Retirement Sys., 24 AD3d 1008, 1009 [2005] [citations omitted]; accord Matter of Carabello v DiNapoli, 51 AD3d at 1362). Petitioner did not meet either of those conditions here; petitioner did not apply for membership in the Retirement System until 2004, and, because he earned less than $1,500 annually, such membership was not mandatory during the time that he served as an organist/choir director (see Retirement and Social Security Law § 40 [b] [1] [h]). Accordingly, the Comptroller properly denied petitioner's request for reinstatement to tier 1 membership in the Retirement System (see Matter of Walroth v New York State & Local Employees' Retirement Sys., 14 AD3d 918, 919 [2005]). As for petitioner's assertion that no one ever advised him that he was eligible to join the Retirement System in 1969, we note that any such omission "cannot estop the Comptroller from performing his duties and denying any reinstatement that is contrary to the [applicable] statutes" (Matter of Hession v New York State & Local Employees' Retirement Sys., 24 AD3d at 1010; see Matter of Bombace v Nitido, 117 AD3d 1375, 1376 [2014]; Matter of Price v New York State & Local Employees' Retirement Sys., 107 AD3d 1212, 1215-1216 [2013]; Matter of Grella v Hevesi, 38 AD3d 113, 117-118 [2007]).
With respect to the issue of additional service credit, the testimony adduced at the hearing makes clear that, with the exception of a payroll card documenting petitioner's service as an organist in September and October 1969 and corresponding earnings of $80, no other state payroll or civil service records for petitioner could be located until he began working as a keyboard specialist in 2004. This lack of documentation, coupled with information suggesting that petitioner's services as an organist/choir director were performed as an independent contractor rather than a state employee, supports the Comptroller's denial of petitioner's request for additional service credit (see Matter of Pearson v DiNapoli, 126 AD3d 1284, 1284 [2015], lv denied 25 NY3d 912 [2015]; Matter of Muccia v DiNapoli, 69 AD3d 1291, 1292 [2010]). Petitioner's remaining arguments in support of his application have been examined and found to be lacking in merit.
Garry, P.J., McCarthy, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.