■ In the Matter of EDWARD BELEMJIAN, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents. [605 NYS2d 458] —Crew III, J. Proceeding

pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's request for additional service credits in the calculation of his retirement benefits.

In August 1955, petitioner commenced employment with Rensselaer County as a pharmacist consultant on a part-time basis. Petitioner's duties consisted of reviewing and auditing prescriptions, and he worked approximately three hours per day, five days per week. In February 1961, petitioner accepted a second part-time position with the County as a pharmacist for Van Rensselaer Manor, a skilled nursing facility and health-related facility operated by the County. This position also required that petitioner work approximately three hours per day, five days per week. Petitioner testified that between these two positions, he worked approximately six to eight hours per day and received the benefits accorded full-time County employees. In February 1976, petitioner began working at the nursing facility on a full-time basis and continued to work for the County as both a pharmacist and a consultant until 1981, at which time he accepted a position with the State.

Thereafter, on or about January 6, 1989, petitioner requested an estimate of possible retirement benefits. Respondent New York State and Local Employees' Retirement System subsequently determined that petitioner was entitled to only partial service credit for the period 1961 through 1976 due to his perceived status as a part-time employee. Petitioner disagreed with the System's calculation of his service credits and requested a hearing, at the conclusion of which the Hearing Officer determined that the System's calculation of service credits was neither arbitrary nor capricious. On administrative appeal, respondent Comptroller affirmed. Petitioner then commenced this CPLR article 78 proceeding, transferred to this Court pursuant to CPLR 7804 (g), to challenge the Comptroller's determination.

It is well settled that the Comptroller is charged with the duty of determining service credits for retirement purposes (see, Retirement and Social Security Law § 41 [a]) and his determination in this regard will be upheld if rational and supported by substantial evidence (see, Matter of Pierce v Regan, 98 AD2d 830; see also, Matter of Cassidy v Regan, 160 AD2d 1210, 1211). To that end, this Court may not review administrative findings of fact as to the weight of the evi-

dence, nor may it substitute its judgment for that of the administrative body (see generally, Matter of Klein v Sobol, 167 AD2d 625, 627, lv denied 77 NY2d 809). Based upon our review of the record as a whole, we are constrained to conclude that the determination at issue here is supported by substantial evidence and must, therefore, be confirmed.

The testimony offered by Jane O'Connor, the System's Assistant Director of Retirement Services, established that the initial calculation of petitioner's service credits was based upon two factors—documentation received from the County indicating that petitioner was employed on a part-time basis until 1976 and petitioner's salary progression. Although petitioner's testimony as to the hours worked during the relevant time period was uncontroverted, the Hearing Officer was entitled to credit the documentary evidence supplied by the County. With respect to petitioner's salary progression, O'Connor testified that the fact that petitioner's salary more than doubled in 1976 indicated to her that this was the point at which petitioner achieved full-time status. Although a review of petitioner's salary history indicates that petitioner's salary more than doubled on two separate occasions, once in 1961 when petitioner accepted the second part-time position and again in 1976 when petitioner began working at the nursing facility on a full-time basis, it appears from the record that O'Connor discounted the 1961 increase due to the County's position that petitioner was employed on a part-time basis at that particular point in time. Even if we were to conclude that O'Connor's decision in this regard was irrational and that the System's application of the salary progression methodology was therefore flawed, the documentation provided by the County relevant to petitioner's employment status nevertheless would be sufficient to uphold the underlying determination. We have examined the remaining arguments advanced by petitioner and find them to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Mercure and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.