■ In the Matter of MIRIAM NIGRO, Petitioner, v H. CARL McCALL, as State Comptroller, et al., Respondents. [629 NYS2d 866] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's request for additional service credits in the calculation of her retirement benefits.

In May 1979, petitioner commenced employment with the Town of Hempstead in Nassau County as a per diem Field Representative on a contract basis. From August 1, 1981 until May 1, 1985, she was employed as a seasonal part-time clerical aide. Petitioner joined respondent New York State and Local Employees' Retirement System (hereinafter the System) on October 28, 1985.

Thereafter, in 1991 petitioner requested the System to give her credit predating her membership in the System, from June

1979 through October 1985. It was determined that petitioner was entitled only to service credit from November 29, 1982 through October 27, 1985. Following a hearing conducted at petitioner's request, the Hearing Officer determined that the System's calculation of service credits was neither arbitrary nor capricious. On administrative appeal, respondent Comptroller affirmed. Petitioner then commenced this CPLR article 78 proceeding, transferred to this Court pursuant to CPLR 7804 (g), to challenge respondent Comptroller's determination.

It is settled law that "the Comptroller is charged with the duty of determining service credits for retirement purposes (see, Retirement and Social Security Law § 41 [a]) and his determination in this regard will be upheld if rational and supported by substantial evidence (see, Matter of Pierce v Regan, 98 AD2d 830; see also, Matter of Cassidy v Regan, 160 AD2d 1210, 1211)" (Matter of Belemjian v Regan, 199 AD2d 770, 771). Furthermore, we do not review administrative findings of fact as to the weight of the evidence, nor substitute our judgment for that of the administrative body (see, supra, at 771-772).

In order for petitioner to be eligible to receive service credit for service with the Town of Hempstead predating her October 28, 1985 entry into the System, she must have completed five years of service *during which employment* she became a member of the System (see, Retirement and Social Security Law § 609 [b]). Respondents' regulations interpret the term "during which employment" as (1) receipt of compensation for each day in the period or (2) working a minimum of 1,000 hours of work during each State fiscal year (see, 2 NYCRR 318.2 [a] [1], [2]). The 1,000-hour requirement can also be satisfied by working at least 20 hours per calendar month for each month of the State fiscal year (see, 2 NYCRR 318.2 [a] [2]). Petitioner's employment record shows that for the 1982-1983 fiscal year she worked a total of only 152 hours and that she did not work 20 hours a month for each calendar month during this period. There is, therefore, substantial evidence to support the Comptroller's determination that petitioner did not satisfy the minimum work requirement because of the nine-month break in service during her leave of absence.

Petitioner also argues that because she was on an authorized leave of absence for a medical reason, i.e., disabled from working due to an automobile accident, she comes within the medical leave exclusion of 2 NYCRR 318.2 (c).* Respondents counter that petitioner is not entitled to the exclusion because under

---

* 2 NYCRR 318.2 (c) provides: "The first twenty-four months (or last, as appropriate) during which the member was on authorized medical leave or

their interpretation of "authorized medical leave" only an employer can determine whether to place an employee on medical leave. Here, petitioner concedes that her employer did not grant her an authorized medical leave. Based upon our review of the entire record, we cannot say that the Comptroller's interpretation of the regulations was arbitrary or capricious.

We find no merit in petitioner's remaining contentions.

Mercure, White, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

on authorized leave status and receiving workers' compensation benefits shall not be considered in determining breaks in continuous service."