■ In the Matter of ALAN N. MEISEL, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [663 NYS2d 714] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's request for additional service credits in the calculation of his retirement benefits.

Petitioner, a physician, joined the New York State and Local Employees' Retirement System on June 29, 1978. Thereafter, by letter dated May 15, 1994, petitioner requested that the Retirement System grant him service credit for the period March 1, 1975 through March 5, 1978,* during which time petitioner was a resident at the School of Medicine at the State University at Stony Brook and performed his residency at,

---

* Although petitioner states in this letter that he is seeking service credits through March 6, 1978, it appears that petitioner began employment with

among other places, a Veterans' Administration hospital in Suffolk County. It was petitioner's position that although his salary was paid by the Federal Government during this period, he actually was employed by the State in a Federally funded university position and, as such, was entitled to additional credits for purposes of calculating his State retirement benefits. Following a hearing, petitioner's application for service credit was denied, prompting him to commence this proceeding pursuant to CPLR article 78 challenging respondent's determination.

It is well settled that respondent is vested with the authority to determine service credits for retirement purposes and his determination in this regard will be upheld if supported by substantial evidence (*see, Matter of Nigro v McCall*, 218 AD2d 846, 847). The record plainly reveals, and petitioner does not dispute, that between March 1, 1975 and March 5, 1978, petitioner's salary was paid by the Veterans' Administration, a Federal agency. As respondent appropriately determined, and as a review of the relevant statutory provisions makes clear, the Veterans' Administration does not qualify as a "public employer" within the meaning of Retirement and Social Security Law § 513 (b) (*see*, Retirement and Social Security Law § 501 [22]). Although petitioner contends that other evidence in the record suggests that he was in fact employed by the State, it is not the role of this Court to review administrative findings of fact as to the weight of the evidence and we cannot substitute our judgment for that of the administrative agency (*see, Matter of Nigro v McCall, supra*, at 847). In any event, based upon our review of the record as a whole, we cannot say that respondent erred in determining that petitioner failed to establish that he was entitled to additional service credits for the period in issue. Petitioner's remaining contentions, including his assertion that the State should be estopped from denying him such credits, have been examined and found to be lacking in merit.

Mikoll, J. P., White, Casey and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

the State on that date and, hence, is seeking additional service credits only through March 5, 1978.