■ In the Matter of HELEN ITZENPLITZ, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, et al., Respondents. [723 NYS2d 272] —Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for additional service credits in the calculation of her retirement benefits.

Pursuant to Retirement and Social Security Law § 446 (b), a member of the State and Local Employees' Retirement System may be entitled to prior service credit for service rendered "during which employment he became a member of the retirement system." A member is deemed to have rendered creditable service during which employment he or she became a member if (1) he or she received compensation for each day in the period or (2) he or she worked for a minimum of 1,000 hours during each State fiscal year in the period (*see*, 2 NYCRR 318.2 [a]). Relying on the 1,000-hour requirement and the undisputed evidence of 870.32 hours of paid service for Erie County in the 1970-1971 fiscal year, petitioner contends that, in denying her application for prior service credit, respondent Comptroller erred in failing to credit her for an additional 166.67 hours of paid service as a member of the Town of West Seneca Planning Board in Erie County.*

"It is well settled that the Comptroller is charged with the duty of determining service credits for retirement purposes * * * and his determination in this regard will be upheld if rational and supported by substantial evidence" (*Matter of*

---

* Petitioner does not claim that she met the alternative requirement of receipt of compensation for each day in the period.

*Belemjian v Regan*, 199 AD2d 770, 771 [citations omitted]). The 166.67-hour figure relied upon by petitioner was derived by a calculation using the annual salary for petitioner reported by the Town and the minimum hourly wage then in effect. That calculation is only to be used, however, when the participating employer has not certified the number of hours worked by the member (*see*, 2 NYCRR 318.2 [a] [2]). In this case, the Town certified that the Planning Board was in session for a total of 44 hours in the 1970-1971 fiscal year and, therefore, the Comptroller rationally concluded that the participating employer had certified the number of hours worked by petitioner as a member of that Planning Board. Accordingly, there is substantial evidence to support the determination that petitioner did not satisfy the 1,000-hour requirement for the 1970-1971 fiscal year. The determination must, therefore, be confirmed.

Cardona, P. J., Mercure, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.