■ In the Matter of WAYNE McMORROW, Petitioner, v ALAN HEVESI, as State Comptroller, Respondent. [774 NYS2d 452]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for additional service credit in the calculation of his retirement benefits.

Petitioner, a police officer, applied to the New York State and Local Employees' Retirement System for military service credit for time spent in the service of the United States Naval Reserves between 1965 and 1969. Upon petitioner's submission of documentary proof, the Retirement System granted him service credit for the time he spent on active duty, a total of one year, four months and seven days, but denied his further requests for credit for a 10-week basic training period allegedly completed prior to his commencement of service in 1965, and subsequent summer, weekend and evening service. Following a hearing, a Hearing Officer found that petitioner's basic training was creditable. On administrative appeal, respondent modified the Hearing Officer's findings by denying petitioner service credit for this period of service on the ground that he had failed to provide documentary proof establishing that the basic training occurred outside of the period of active duty service already considered and credited in petitioner's application. This CPLR article 78 proceeding ensued.

Mindful that petitioner has the burden of proof to establish his entitlement to retirement service credit and that respondent's determination in this regard must be upheld if supported by substantial evidence (see Matter of Meisel v McCall, 244 AD2d 628, 629 [1997]; Matter of Nigro v McCall, 218 AD2d 846, 847 [1995]), we confirm. It is undisputed that petitioner failed to provide any documentary proof in support of his testimony that his basic training was creditable, nor did he offer an excuse for his failure to do so. In light of this failure, it was not irrational for respondent to rely upon the statements of the Retirement

System's assistant director for retirement services, who testified that, in the absence of documentary proof clearly specifying the nature of the service and the period when it occurred, no determination as to whether petitioner's basic training was creditable could be made. This witness's testimony was consistent with evidence in the record that petitioner's period of active duty with the Naval Reserve, for which he was provided service credit, may have already included the 10-week basic training period. As petitioner did not produce any additional documentation clarifying this issue, and because his testimony to the contrary presented a credibility question for respondent to resolve, we cannot say that respondent's determination in this regard was not supported by substantial evidence (*see Matter of Itzenplitz v McCall*, 282 AD2d 889, 890 [2001]).

We further reject petitioner's claim that respondent's interpretation of Military Law § 243 (1) (b) as excluding petitioner's occasional summer, weekend and evening service from additional military service credit was arbitrary and capricious. A reading of the plain language of Military Law § 243 (1) (b) and Retirement and Social Security Law § 1000 rationally supports respondent's interpretation that only "active duty," which excludes "temporary and intermittent . . . service in any reserve . . . force," shall be creditable (*cf.* Military Law § 242). Because respondent's interpretation as set forth in the policy statement was properly derived from his specialized knowledge and utilization of underlying operational practices and is not otherwise "irrational, unreasonable or inconsistent with the governing statute," respondent's refusal to credit petitioner for his limited duty assignments is entitled to judicial deference (*Matter of Whitehill v New York State Teachers' Retirement Sys.*, 142 AD2d 902, 904 [1988], *affd* 73 NY2d 944 [1989]; *see Matter of Sush v New York State Teachers' Retirement Sys.*, 2 AD3d 1127, 1128 [2003]; *Matter of Lippman v Public Empl. Relations Bd.*, 263 AD2d 891, 892-893 [1999]). Accordingly, we decline to disturb the determination.

Crew III, J.P., Peters, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.