■ In the Matter of MICHAEL P. HENRY et al., Appellants, v STATE OF NEW YORK et al., Respondents. [789 NYS2d 556]—

Mercure, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered January 2, 2004 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent State Retirement System assessing interest on mandatory retirement arrears.

Petitioner Michael P. Henry (hereinafter petitioner), a correction officer, entered respondent State Retirement System in January 1984. On March 3, 2003, respondent Comptroller notified petitioner that his employer had failed to deduct a mandatory contribution to the Retirement System fund from his salary for the period covering January 30, 1984 through February 29, 1984. According to the Comptroller, petitioner owed mandatory arrears in the amount of $34.57, plus $53.16 in interest. Petitioner State Correctional Officers and Police Benevolent Association, Inc. subsequently commenced this proceeding pursuant to CPLR article 78 on behalf of petitioner, alleging that the Comptroller lacked the authority to assess interest on petitioner's arrears. Supreme Court dismissed the petition, concluding that, because the Comptroller maintained a fiduciary responsibility to protect the assets of the Retirement System for the benefit of all its members, the imposition of interest on mandatory arrears was within his authority. Petitioners now appeal.

We affirm. While no express statutory or regulatory authority exists which specifically authorizes the Comptroller to collect interest on arrears in mandatory contributions, it is undisputed

that, as "trustee of the several funds of the retirement system" (Retirement and Social Security Law § 13 [b]), the Comptroller is obligated to "credit to each of the funds . . . regular interest on the mean amount therein for the preceding year" (Retirement and Social Security Law § 13 [c]). In addition, within each fund, the Comptroller must annually credit interest to the individual accounts of Retirement System members (*see* Retirement and Social Security Law § 21 [f]). Thus, in a situation analogous to the one presented here, members who opt to purchase previous service credit are required to "pay into the annuity savings fund, either in a lump sum or in installments, a sum equal to the amount which would have been in such fund to [their] credit had [they] actually been . . . member[s] contributing thereto during the entire period of such previous member service" (Retirement and Social Security Law § 41 [c] [1]). Accordingly, we conclude that the Comptroller's assessment of interest on petitioner's mandatory arrears was neither beyond the scope of his authority nor arbitrary and capricious.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.