■ In the Matter of MICHAEL M. DeLUCA, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [850 NYS2d 715]—

Carpinello, J. Proceeding pursuant to CPLR article 78

(transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for additional service credit in the calculation of his retirement benefits.

Petitioner applied to respondent New York State and Local Employees' Retirement System for service credit for time spent working at an ice rink for the City of Long Beach during the months of November through March in the years 1964 through 1966. Due to lost employment records, the city could only confirm that petitioner worked from January 26, 1966 to March 16, 1966 and the Retirement System credited petitioner for that period, but rejected his claim for the remaining time. Petitioner requested a hearing, after which the Hearing Officer determined that petitioner failed to establish entitlement to service credit for the time in question. Respondent Comptroller affirmed this decision on administrative appeal, prompting this CPLR article 78 proceeding.

Clearly, it is the Comptroller's duty to determine retirement service credits and his determination will be upheld by this Court if rational and supported by substantial evidence (see Matter of Itzenplitz v McCall, 282 AD2d 889, 889 [2001]; Matter of Belemjian v Regan, 199 AD2d 770, 771 [1993]). Furthermore, petitioner has the burden of proof to establish entitlement to service credits (see Matter of Canzoneri v Hevesi, 21 AD3d 639, 639-640 [2005], lv denied 5 NY3d 715 [2005]; Matter of McMorrow v Hevesi, 6 AD3d 925, 926 [2004]). Here, the Retirement System's assistant bureau director testified that in situations where an employer no longer has records to confirm employment, previous service credit can be granted if employment can be verified through Internal Revenue Service forms, Social Security Administration forms or other documentation of earnings and length of service that, in the discretion of the Retirement System, is deemed reliable and objective evidence of previous service to enable an accurate determination of the amount of available credit.

In lieu of the missing employment records, petitioner submitted a statement from the assistant superintendent of recreation for the city during the time in question, as well as his own testimony, the testimony of a coworker and the statements of two friends, which attested to petitioner's employment from 1964 through 1966, but could only approximate his hours worked and earnings from that period. Petitioner could not further support his claim through Social Security Administration reports or tax documentation. Due to the lack of evidence pre-

sented by petitioner that would enable an accurate calculation of petitioner's earnings and length of service, we find the Comptroller's determination that petitioner not be credited for employment during the time in question to be rational and supported by substantial evidence. Accordingly, it will not be disturbed (*see Matter of Canzoneri v Hevesi*, 21 AD3d at 639-640; *Matter of McMorrow v Hevesi*, 6 AD3d at 927).

Mercure, J.P., Spain, Rose and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.