■ In the Matter of MARGARET M. MUCCIA, Petitioner, v THOMAS P. DiNAPOLI, as Comptroller of the State of New York, Respondent. [893 NYS2d 386]—

McCarthy, J.

Petitioner applied to the New York State and Local Employ-

ees' Retirement System for service credit for time she spent as an occupational therapist for the Yonkers School District from 1987 to 2000. The Retirement System granted her service credit for the time periods of September 1, 1995 to September 30, 1995 and from March 30, 2000 to June 30, 2000, as the school district reported that it paid petitioner an hourly rate during that time for her work as a tutor, but denied any further service credit. Following a hearing, a Hearing Officer denied petitioner's application, concluding that she was not employed during the time in question by a participating employer. Respondent affirmed this decision on administrative appeal, prompting this CPLR article 78 proceeding.

We confirm. It is well settled that "it is [respondent's] duty to determine retirement service credits and his determination will be upheld by this Court if rational and supported by substantial evidence" (*Matter of DeLuca v New York State & Local Employees' Retirement Sys.*, 48 AD3d 876, 877 [2008]; *see Matter of Itzenplitz v McCall*, 282 AD2d 889, 889 [2001]). Here, although petitioner presented evidence that the Yonkers School District directed and controlled her work, the record supports respondent's determination that she did not provide paid service as an employee of the school district. Petitioner was hired for the position of occupational therapist by St. Joseph's Hospital, which is not a participating member of the Retirement System. Petitioner submitted time vouchers to the hospital and the hospital paid petitioner according to the time submitted. St. Joseph's Hospital determined petitioner's rate of pay and provided petitioner with 1099 income tax forms and no payroll deductions were made to the Retirement System. Inasmuch as the record reflects that petitioner was not on the payroll of a participating employer during the time in question, respondent's decision to deny retirement service credit was rational and supported by substantial evidence, despite evidence in the record to the contrary (*see Matter of Siepierski v New York State & Local Retirement Sys.*, 46 AD3d 1316, 1318 [2007]).

Finally, there is no support in the record for petitioner's contention that the school district indirectly provided St. Joseph's Hospital with the funds used to pay her. In any event, the source of the funds, although indicative of employment, is not determinative (*see id.*).

Spain, J.P., Rose, Malone Jr. and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.