■ In the Matter of MARILYN RATZKER, Petitioner, v OFFICE OF THE NEW YORK STATE COMPTROLLER (NEW YORK STATE AND LOCAL RETIREMENT SYSTEM), Respondent. [966 NYS2d 249]—

Stein, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for, among other things, additional service credit in the calculation of her retirement benefits.

Petitioner was hired as a temporary special education paraprofessional with the South Huntington School District in 1985. In or about 1989, she became a permanent employee and remained in that capacity until her retirement in 2010. Petitioner registered as a member of respondent, New York State and Local Retirement System, in June 2004 and subsequently applied for premembership employment service credit

---

for her work at the school district. Respondent determined that petitioner was eligible to purchase 12.40 years of service credit for her employment with the school district through June 2004 for the sum of approximately $9,000, plus interest. Petitioner paid such amount, despite her objection to the manner in which respondent had calculated her premembership service credit and the cost thereof. She thereafter sought a hearing and redetermination, claiming, among other things, that she should have received credit for working full time for certain years prior to 1996* and that the amount she was required to pay to purchase her premembership service credit—including the interest portion thereof—was in error. The Hearing Officer found that petitioner had failed to sustain her burden of proving that respondent incorrectly calculated her premembership service credit or that she overpaid for the cost of purchasing such credit, and concluded that her application should be denied. The Comptroller made one supplemental finding of fact, but otherwise adopted the Hearing Officer's determination. This CPLR article 78 proceeding ensued.

We confirm. The Comptroller is vested with the exclusive authority to determine applications regarding retirement benefits, including service credit (*see* Retirement and Social Security Law § 74 [b]), and such determinations must be confirmed if they are supported by substantial evidence (*see Matter of Muccia v DiNapoli*, 69 AD3d 1291, 1292 [2010]; *Matter of Carabello v DiNapoli*, 51 AD3d 1361, 1362 [2008]; *Matter of DeLuca v New York State & Local Employees' Retirement Sys.*, 48 AD3d 876, 877 [2008]; *Matter of Siepierski v New York State & Local Retirement Sys.*, 46 AD3d 1316, 1318 [2007]). Here, petitioner claims that respondent erred in calculating her premembership service credit because, among other things, it did not give her full credit for those years prior to 1996, when she claims she worked full time. Notably, petitioner bears the burden of establishing her entitlement to the additional service

---

* In her correspondence to respondent before the hearing, petitioner claimed that she should have received full-time credit for the years 1990 through 1995. However, at the hearing, petitioner's expert calculated that she should have received full-time credit for the years 1991 through 1995, and petitioner claimed that her service credit for these years was miscalculated by a total of .95 years. Additionally, petitioner's expert determined that, for the years 1986, 1987 and 1990—while she worked part time—her service credit was miscalculated by a total of .17 years. Based upon new information provided by the school district, respondent credited petitioner with an additional .40 years. When combined with those .40 years of corrected credit, petitioner's total claim of additional premembership service credit was 1.52 years.

credit (*see Matter of McMorrow v Hevesi*, 6 AD3d 925, 926 [2004]).

Public employers are required to provide a certified document to respondent to allow for retirement benefit determinations to be made based upon service, salary and deduction records (*see* 2 NYCRR 315.3 [b]). Such document must include, among other things, the number of days worked; a full day worked is considered "any day on which the employee performs paid service for at least the standard number of hours required for the position in which such service is rendered" (2 NYCRR 315.3 [b] [4] [ii]). The employer is authorized to determine the standard number of hours that constitute a full workday (*see* 2 NYCRR 315.3 [b] [4] [ii]). When less than a full day is worked, the employee is entitled to prorated credit (*see* 2 NYCRR 315.3 [b] [4] [iii]). Here, petitioner received one year of service credit for each year she worked for the school district from 1996 until 2004, based upon the certified employment records provided to respondent by the school district. However, due to the absence of records reflecting the number of days worked by petitioner for the years prior to 1996, respondent calculated the days she worked by, as pertinent here, dividing the amount that petitioner was paid each month by her hourly pay rate and then dividing that figure by seven hours, the standard workday as reported by the school district.

Petitioner testified that she worked the same number of hours—specifically, 6½ hours each day—and was considered full time from 1989 until her retirement in 2010. Thus, she claimed that she should have received one year of service credit for each of the disputed years. However, respondent's Assistant Director of Member and Employer Services testified that respondent calculated petitioner's service credit by using the certified employment information supplied by the school district, including the number of hours constituting a full workday. Although the parties' respective experts both utilized similar methods of computing petitioner's service credit for the years in which the school district did not supply the actual number of days worked, their divergent conclusions resulted from the fact that petitioner claimed that the 6½ hours she worked daily represented a full day of work, while respondent relied on the school district's report that the standard workday consisted of seven hours. Inasmuch as the determination that petitioner was not entitled to full-time service credit during the period in question was based upon the certified employment data provided by the school district, we conclude that such determination was supported by substantial evidence.

We also reject petitioner's claim that respondent incorrectly calculated the cost of purchasing her premembership service credit. Pursuant to Retirement and Social Security Law § 609 (b) (2), a member must pay for services that predate the date of entry into respondent, the amount he or she would have been required to contribute at the time the service was rendered—in this case, three percent of the wages earned—plus interest at the rate of five percent. Petitioner asserts that she was only required to make a three percent contribution for her premembership service credit for a total of 10 years. Since she had accrued 5.65 years of membership credit at the time that she purchased the past service, she contends that she should only have been required to purchase an additional 4.35 years of premembership service credit. While Retirement and Social Security Law § 902 provides that an eligible employee who has 10 or more years of credited service is no longer required to make a three percent contribution (*see* Retirement and Social Security Law § 902 [b] [1]), it explicitly states that "[n]othing in this subdivision shall affect the obligation of an eligible employee to pay such amounts as may be required by . . . [section 609] . . . for service rendered prior to such employee's date of membership" (Retirement and Social Security Law § 902 [b] [3]). Accordingly, based upon the plain reading of the statute, we discern no error in the determination that petitioner was required to purchase all of her premembership service, including those years that extended beyond 10 years of service. We similarly conclude that petitioner was required to pay five percent interest on her contribution amount (*see* Retirement and Social Security Law § 609 [b] [2]; *Matter of Henry v State of New York*, 15 AD3d 764, 765 [2005], *lv denied* 4 NY3d 711 [2005]).

Finally, while petitioner correctly notes—and respondent concedes—that the Hearing Officer made a factual error by finding that the record contained no evidence that she had filed an application for disability retirement benefits, respondent had not yet issued a determination on that application at the time of the Hearing Officer's determination in this proceeding. Therefore, any challenge concerning the result of such application was premature and is not properly before us in the instant proceeding. Petitioner's remaining contentions have been considered and are unavailing.

Lahtinen, J.P., Spain and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.