*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 12, 2015                    519303
_____

In the Matter of JOHN W.
    BRANDT,
                        Appellant,

        v                                    MEMORANDUM AND ORDER

THOMAS P. DiNAPOLI, as State
    Comptroller, et al.,
                        Respondents.
_____

Calendar Date:   January 6, 2015

Before:   Garry, J.P., Egan Jr., Lynch and Clark, JJ.

                        _____


        Harris & Panels, Syracuse (Michael J. Hutter of Powers &
Santola, LLP, Albany, of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondents.

                        _____


Clark, J.

        Appeal from a judgment of the Supreme Court (Mercure, J.),
entered July 16, 2013 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of respondent Comptroller
denying petitioner's application for incentive service
retirement.

        On November 18, 2010, petitioner applied for a retirement
incentive offered temporarily to certain public employees (L
2010, ch 105).  Respondent New York State and Local Employees'
Retirement System denied the application as untimely because
petitioner's retirement would not become effective until after

the open period for the incentive had passed. Following a hearing, the Hearing Officer upheld the denial of the application and respondent Comptroller adopted that determination. Petitioner thereafter commenced this CPLR article 78 proceeding challenging the Comptroller's determination. Supreme Court upheld the Comptroller's determination and dismissed the petition. Petitioner now appeals.

We affirm. "The Comptroller has exclusive authority to determine all applications for retirement benefits and the determination must be upheld if the interpretation of the controlling retirement statute is reasonable and the underlying factual findings are supported by substantial evidence" (Matter of O'Brien v DiNapoli, 116 AD3d 1124, 1125 [2014], lv granted 23 NY3d 908 [2014] [internal quotation marks and citation omitted]; see Matter of Schwartz v McCall, 300 AD2d 887, 888 [2002]). Here, petitioner does not dispute the underlying factual findings; rather, he challenges the Comptroller's interpretation of chapter 105 of the Laws of 2010. As relevant here, the statute provides that, "[f]or the purposes of retirement pursuant to this act, a service retirement application must be filed with the appropriate retirement system not less than [14] days prior to the effective date of retirement to become effective" (L 2010, ch 105, Part A, § 1 [j]). Moreover, the statute further reads that any eligible employee who "files an application for service retirement . . . that is effective during the open period[] and . . . is otherwise eligible for a service retirement as of the effective date of the application for retirement shall be entitled to the retirement incentive" (L 2010, ch 105, part A, § 5 [b], [c] [emphasis added]).

Petitioner was employed as a law clerk to a Supreme Court justice, and the Office of Court Administration adopted an open period for applications for the incentive from August 27, 2010 to November 24, 2010. In finding that petitioner's November 18, 2010 application was untimely, the Comptroller interpreted the phrase "that is effective during the open period" to refer to an applicant's retirement. Accordingly, inasmuch as an application for the incentive must be filed not less than 14 days prior to an applicant's retirement date, the Comptroller determined that an application had to have been filed by November 11, 2010 for a

retirement to be effective during the open period.  Although petitioner argues that the phrase refers to the application and not the retirement date, we find no error in Supreme Court's analysis, which deferred to the Comptroller's interpretation on the ground that it was based upon "his specialized knowledge and utilization of underlying operational practices" (Matter of McMorrow v Hevesi, 6 AD3d 925, 927 [2004]).  As we cannot conclude that the Comptroller's interpretation was "irrational, unreasonable or inconsistent with the governing statute," it will not be disturbed (Matter of Whitehill v New York State Teachers' Retirement Sys., 142 AD2d 902, 904 [1988], affd 73 NY2d 944 [1989]; see Matter of Lewandowski v New York State & Local Police & Fire Retirement Sys., 69 AD3d 1027, 1029 [2010]; Matter of McMorrow v Hevesi, 6 AD3d at 927).

Garry, J.P., Egan Jr. and Lynch, JJ., concur.


ORDERED that the judgment is affirmed, without costs.


ENTER:


Robert D. Mayberger
Clerk of the Court