*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 26, 2015                519560
_____

In the Matter of EDWIN C.
    PEARSON,
                    Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as State
    Comptroller,
                    Respondent.
_____

Calendar Date:  February 17, 2015

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____

        Edwin C. Pearson, Ridgefield, Connecticut, petitioner
pro se.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondent.

_____

Clark, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which denied petitioner's
application for additional service credit in the calculation of
his retirement benefits.

        In 2004, petitioner was informed by representatives of the
New York State and Local Retirement System that he was eligible
to receive a retirement service credit for his employment with
the Legal Aid Society of Westchester County from 1973 to 1975.
In January 2011, he applied for retirement and it was thereafter
determined that the Legal Aid Society was not a participating

employer in the Retirement System and, therefore, petitioner was not entitled to a retirement service credit for that employment. Petitioner requested a hearing and redetermination.  Following the hearing, at which various Retirement System employees testified that the Legal Aid Society was not a participating employer, the Hearing Officer denied petitioner's application for the retirement service credit.  Respondent adopted that determination, with supplemental conclusions of law, prompting this CPLR article 78 proceeding.

We confirm.  It is well settled that a "petitioner has the burden of proof to establish his [or her] entitlement to retirement service credit and that respondent's determination in this regard must be upheld if supported by substantial evidence" (Matter of McMorrow v Hevesi, 6 AD3d 925, 926 [2004]; see Matter of DeLuca v New York State & Local Employees' Retirement Sys., 48 AD3d 876, 877 [2008]).  Here, petitioner testified that he had no evidence that the Legal Aid Society was ever a participating employer in the Retirement System.  Accordingly, inasmuch as the record reflects that petitioner was not employed by a participating employer during the time in question, respondent's denial of the retirement service credit is supported by substantial evidence (see Matter of Muccia v DiNapoli, 69 AD3d 1291, 1292 [2010]).  Further, contrary to petitioner's contention, respondent was not estopped from denying the retirement service credit, despite the earlier misinformation provided petitioner by employees of the Retirement System (see Matter of Price v New York State & Local Employees' Retirement Sys., 107 AD3d 1212, 1215-1216 [2013]; Matter of Champagne v Regan, 191 AD2d 895, 895 [1993]; Matter of Limongelli v New York State Employees' Retirement Sys., 173 AD2d 904, 905 [1991]). Petitioner's remaining contentions, including his claim of hearing officer bias, have been considered and found to be without merit.

McCarthy, J.P., Egan Jr. and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court