*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 19, 2016                    520335
_____

In the Matter of MARTIN J.
    SAWMA,
                        Appellant,

        v                                MEMORANDUM AND ORDER

THOMAS P. DiNAPOLI, as State
    Comptroller,
                        Respondent.
_____

Calendar Date:  April 18, 2016

Before:  Lahtinen, J.P., McCarthy, Garry, Rose and Aarons, JJ.

                    _____


        Martin J. Sawma, Buffalo, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Kathleen M. Arnold of counsel), for respondent.

                    _____


Garry, J.

        Appeal from a judgment of the Supreme Court (Elliott III, J.), entered June 20, 2014 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying, among other things, petitioner's application for service retirement benefits.

        In July 2010, petitioner's employment with the Erie County Board of Elections was terminated.  At the time of the termination, petitioner had 3.45 years of service credit as a member of the New York State and Local Employees' Retirement System, which is less than the five or more years of credited service required upon termination of employment to be considered

vested and eligible for service retirement benefits (see Retirement and Social Security Law § 612 [a]).  In September 2010, petitioner sought to purchase 4.7 years of service credit for the period of time from May 2001 to March 2007 when he was employed as a substitute teacher with the Buffalo Board of Education, prior to becoming a member of the Retirement System (see Retirement and Social Security Law § 609).  The Retirement System informed petitioner that he could purchase the requested service credit, but since he had left the payroll prior to obtaining the credit, it could not be applied toward a retirement benefit.  The Retirement System further informed petitioner that, upon a return to employment with a participating employer, the purchased credit could then be applied towards vested retirement benefits.

In May 2012, after he had submitted payment for the additional 4.7 years of service credit but had not returned to employment with a participating employer, petitioner applied for service retirement benefits, seeking an August 2010 date of retirement.  In light of petitioner's failure to secure employment with a participating employer, as well as petitioner's request for a retroactive retirement date, the Retirement System denied both his request to be credited with the additional 4.7 years and his application for retirement benefits.  Following a hearing, the Hearing Officer upheld the denials.  Respondent adopted that determination and this CPLR article 78 proceeding ensued.  Supreme Court upheld respondent's determination and dismissed the petition.  Petitioner now appeals.

We affirm.  "[Respondent] has exclusive authority to determine all applications for retirement benefits and the determination must be upheld if the interpretation of the controlling retirement statute is reasonable and the underlying factual findings are supported by substantial evidence" (Matter of O'Brien v DiNapoli, 116 AD3d 1124, 1125 [2014], lv granted 23 NY3d 908 [2014] [internal quotation marks, brackets and citations omitted]; accord Matter of Brandt v DiNapoli, 126 AD3d 1165, 1166 [2015], lv denied 26 NY3d 904 [2015]).  To be eligible for service retirement benefits, a member of the retirement system must have "five or more years of credited service . . . upon termination of employment" (Retirement and Social Security Law

§ 612 [a] [emphasis added]). Here, it is undisputed that petitioner only had 3.45 years of credited service in the Retirement System at the time his employment terminated. Petitioner is entitled to be credited for the service he provided to a participating employer prior to his enrollment in the Retirement System. However, as service retirement eligibility is determined upon termination of employment, respondent's requirement that such credited service must be established prior to termination is not unreasonable. Contrary to petitioner's contention, the fact that at the time of his termination he was an at-will employee — and his employment could seemingly have been terminated at any time by either party — does not render respondent's requirement "irrational, unreasonable or inconsistent with the governing statute" (Matter of Whitehill v New York State Teachers' Retirement Sys., 142 AD2d 902, 904 [1988], affd 73 NY2d 944 [1989]; accord Matter of Brandt v DiNapoli, 126 AD3d at 1167).

Finally, a member filing an application for service retirement must "specify the effective date of his or her retirement, which shall be not less than [15] nor more than [90] days subsequent to such date of filing" (Retirement and Social Security Law § 70). Thus, respondent also properly denied petitioner's 2012 application seeking to set a retroactive date of August 1, 2010 as the date of his retirement. Petitioner's remaining claims, including that he was deprived of due process during the hearing, have been considered and found to be without merit.

Lahtinen, J.P., McCarthy, Rose and Aarons, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court