Matter of Brickman v DiNapoli (2019 NY Slip Op 01876)





Matter of Brickman v DiNapoli


2019 NY Slip Op 01876


Decided on March 14, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 14, 2019

526968

[*1]In the Matter of ROBERT M. BRICKMAN, Petitioner,
v
THOMAS P. DiNAPOLI, as State Comptroller, et al., Respondents.

Calendar Date: January 11, 2019

Before: Lynch, J.P., Clark, Mulvey, Devine and Aarons, JJ.


Roemer Wallens Gold & Mineaux LLP, Albany (Earl T. Redding of counsel), for petitioner.
Letitia James, Attorney General, Albany (William E. Storrs of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Devine, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for retirement service credit.
Petitioner is a member of respondent New York State and Local Employees' Retirement System and sought retirement service credit for his employment with Nassau County from October 15, 1974 to December 19, 1976. His application was rejected, and he requested an administrative hearing and redetermination. Following that hearing, the Hearing Officer found that petitioner had not established his entitlement to additional service credit. Respondent Comptroller adopted the Hearing Officer's findings of fact and conclusions of law, and this CPLR article 78 proceeding ensued.
We confirm. "[I]t is the Comptroller's duty to determine retirement service credits and his determination will be upheld by this Court if rational and supported by substantial evidence" (Matter of DeLuca v New York State & Local Employees' Retirement Sys., 48 AD3d 876, 877 [2008]; see Matter of Muccia v DiNapoli, 69 AD3d 1291, 1292 [2010]). Furthermore, the burden rested on petitioner to show that he was entitled to additional retirement service credit (see Matter of Caetano v DiNapoli, 140 AD3d 1579, 1580 [2016], lv denied 28 NY3d 906 [2016]; Matter of DeLuca v New York State & Local Employees' Retirement Sys., 48 AD3d at 877-878). Petitioner testified that he did work for and was issued checks by Nassau County during the relevant period, but FICA payroll taxes were not deducted from the checks and he was not on the County payroll. He instead worked under contract for the now-defunct Tri-State Planning Commission and testified that the County was reimbursed through the commission for much of the money paid to him. Petitioner did not recall the exact terms of his relationship with the commission, and commission records that might clarify the matter had been destroyed. There [*2]were indications that the relationship was not one of employer and employee, however, as Social Security records reflect that petitioner's 1974-1976 income came from self-employment and he had previously characterized his work during that period as that of an independent contractor. The foregoing reflects that petitioner did not demonstrate that he was "on the payroll of a participating employer during the time in question" and constitutes substantial evidence for the Comptroller's determination to deny him additional service credit, notwithstanding proof that might support a different result (Matter of Muccia v DiNapoli, 69 AD3d at 1292; see Matter of DeLuca v New York State & Local Employees' Retirement Sys., 48 AD3d at 877-878; Matter of Siepierski v New York State & Local Retirement Sys., 46 AD3d 1316, 1317-1318 [2007]).
Lynch, J.P., Clark, Mulvey and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.