Matter of Snyder v New York State & Local Retirement Sys. (2022 NY Slip Op 07111)

Matter of Snyder v New York State & Local Retirement Sys.

2022 NY Slip Op 07111

Decided on December 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 15, 2022

534322
[*1]In the Matter of Gerard J. Snyder, Petitioner,
v
New York State and Local Retirement System et al., Respondents.

Calendar Date:November 21, 2022

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Gerard J. Snyder, Dolgeville, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.

McShan, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for retirement service credit.
Petitioner, an attorney, was retained by the Town of Stark, Herkimer County, to serve as Town Attorney and has held that civil service position in the exempt class since January 1, 2007. In 2011, petitioner, who maintains a solo-practitioner law firm, entered into a separate retainer agreement with the Town to represent the Town in its efforts to create and form the Van Hornesville Water District #1 (hereinafter the Water District) located within the Town. To compensate petitioner for his work in connection with the creation of the Water District, the Town paid petitioner upon the submission of vouchers. In turn, the Town was reimbursed by the Environmental Facilities Corporation (hereinafter EFC), a public authority corporation created under the Public Authorities Law (see generally Public Authorities Law § 1283), for the services rendered by petitioner and any disbursements made in connection with the creation of the Water District.
Thereafter, petitioner sought additional service credit in respondent New York State and Local Retirement System, and a modification of his retirement benefit calculation, based upon his work performed while working to establish and form the Water District.[FN1] In November 2018, the Retirement System denied petitioner's request for additional service credit, finding that, according to the Town and the EFC, petitioner was not on their payrolls during the relevant time period and was considered an independent contractor insofar as his work to establish the Water District was concerned. Hearings ensued, after which a Hearing Officer denied petitioner's application for service credit, finding that petitioner failed to demonstrate that he was on the payroll of a participating employer because the Water District was not yet established during the relevant time period and was therefore not a participating employer. Respondent Comptroller adopted the Hearing Officer's findings of fact and conclusions of law, prompting petitioner to commence this CPLR article 78 proceeding to challenge the Comptroller's determination.
We confirm. Pursuant to Retirement and Social Security Law § 74 (b), "[t]he Comptroller is vested with the exclusive authority to determine applications regarding retirement benefits, including service credit, and such determinations must be confirmed if they are supported by substantial evidence" (Matter of Ratzker v Office of the N.Y. State Comptroller [N.Y. State & Local Retirement Sys.], 106 AD3d 1321, 1322 [3d Dept 2013] [internal citation omitted], lv denied 22 NY3d 854 [2013]; see Matter of Brickman v DiNapoli, 170 AD3d 1363, 1364 [3d Dept 2019]; Matter of Schuyler v New York State & Local Employees' Retirement Sys., 158 AD3d 909, 911 [3d Dept 2018]; Matter of Carabello [*2]v DiNapoli, 51 AD3d 1361, 1362 [3d Dept 2008]). "Notably, [a member] bears the burden of establishing [his or] her entitlement to the additional service credit" (Matter of Ratzker v Office of the N.Y. State Comptroller [N.Y. State & Local Retirement Sys.], 106 AD3d at 1322-1323; see Matter of Westmorland v New York State and Local Retirement System, 129 AD3d 1402, 1404 [3d Dept 2015]; Matter of McMorrow v Hevesi, 6 AD3d 925, 926 [3d Dept 2004]). "[A] member shall only be eligible to obtain credit for active service with a participating employer" (Retirement and Social Security Law § 609 [c]), with active service defined as "service while being paid on the payroll of a participating employer" during the time in question (Retirement and Social Security Law § 601 [a]). Said differently, "a member shall not receive retirement credit for any day that he [or she] is not on the payroll of the state, a political subdivision thereof, or a participating employer" (Retirement and Social Security Law § 609 [a] [2]).
With regard to petitioner's work relative to the creation and formation of the Water District, the record reflects that the Town did not pay petitioner any wages for his work on the Water District and that petitioner was not on the Town's payroll for this particular work. Rather, the vouchers that petitioner submitted to the Town were approved by the Town and then submitted to the EFC, which reviewed the vouchers for reasonableness and then fully reimbursed and paid the Town for petitioner's work. When petitioner was paid for the vouchers, payment was made from the "Town of Stark Van Hornesville Water District" — in contrast to his paychecks from the Town for his work as Town Attorney that came from the Town's general fund. Petitioner also never received a W-2 tax document for his work relative to the Water District which could have indicated that he received wages as an employee for said work. Moreover, the record evidence reflects that, during the time period in question, the Water District had not yet been created and could not serve as a participating employer. Petitioner also conceded that, although his payments for his work on the Water District came from the EFC, he never worked for the EFC and that EFC considered petitioner to be an independent contractor. Inasmuch as the record reflects that petitioner did not demonstrate that he was in active service and "on the payroll of a participating employer" during the time in question, we find that the Comptroller's determination to deny him additional service credit was not arbitrary and is supported by substantial evidence notwithstanding proof that might support a different result (Retirement and Social Security Law § 601 [a]; see Matter of Brickman v DiNapoli, 170 AD3d at 1364; Matter of Muccia v DiNapoli, 69 AD3d 1291, 1292 [3d Dept 2010]; Matter of Siepierski v New York State & Local Retirement Sys., 46 AD3d 1316, 1317-1318 [3d Dept 2007]). To the extent that petitioner's remaining contentions [*3]are properly before us, they have been considered and found to lack merit.
Egan Jr., J.P., Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: There is no dispute that petitioner, as Town Attorney, is a public officer and earning service credit in the Retirement System for his work in that capacity.