Matter of Gonzalez v New York State & Local Retirement Sys. (2025 NY Slip Op 06371)

Matter of Gonzalez v New York State & Local Retirement Sys.

2025 NY Slip Op 06371

Decided on November 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 20, 2025

CV-24-0524
[*1]In the Matter of Susan Gonzalez, Petitioner,
v
New York State & Local Retirement System et al., Respondents.

Calendar Date:October 15, 2025

Before:Pritzker, J.P., Reynolds Fitzgerald, Ceresia, McShan and Powers, JJ.

Colucci & Gallaher, PC, Buffalo (Paul G. Joyce of counsel), for petitioner.
Letitia James, Attorney General, Albany (Kevin C. Hu of counsel), for respondents.

McShan, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for additional service credit in the calculation of her retirement benefits.
On July 12, 1999, the Mayor of the City of Buffalo appointed petitioner to the full-time position of Director of Recreation in the City's Parks and Recreation League, and petitioner became a member of respondent New York State & Local Retirement System on that same day. Petitioner held that employment position until June 2006. In 2020 and again in 2022, applications on petitioner's behalf were filed with the Retirement System seeking additional service credit in the calculation of petitioner's retirement benefits in relation to her employment as Director of Recreation for the period July 12, 1999 through June 30, 2001. During that time period, due to the City's financial hardship and at the direction of the Mayor, petitioner's salary was paid by both the City and the Police Athletic League (hereinafter PAL) of Buffalo, with PAL paying the bulk of her salary and the City paying petitioner $1 per year in addition to providing health insurance and other benefits. Further, no contributions to the Retirement System were deducted from petitioner's paycheck nor made by the City during the period at issue. After being notified by the Retirement System that, unlike the City, PAL was not a participating employer with the Retirement System and, therefore, the allowable service credit for the period in question based upon, among other things, her $1 annual salary from the City amounted to .02 years of credit, petitioner requested a hearing.
After commencement of a hearing, the Retirement System sent petitioner a letter informing her that, upon recalculation, her correct service credit for the period in question was zero years. At the conclusion of the hearing, the Hearing Officer granted the application, finding that petitioner was entitled to retirement service credit from July 12, 1999 through June 20, 2001 in connection with her full-time position as Director of Recreation. On administrative appeal, however, respondent Comptroller denied the application, finding that, based upon the $1 salary paid by the City, petitioner was not being paid as a full-time employee by a participating employer in the Retirement System and, therefore, she was ineligible for service credit pursuant to Retirement and Social Security Law § 609 (a) (1) (iii) for the period at issue. This CPLR article 78 proceeding ensued.
"The Comptroller has exclusive authority to determine all applications for retirement benefits and the determination must be upheld if the interpretation of the controlling retirement statute is reasonable and the underlying factual findings are supported by substantial evidence" (Matter of Vladyka v DiNapoli, 238 AD3d 1362, 1363-1364 [3d Dept 2025] [internal quotation marks [*2]and citations omitted]; see Matter of Siepierski v New York State & Local Retirement Sys., 46 AD3d 1316, 1317 [3d Dept 2007]; see also Retirement and Social Security Law § 74 [b]). Pursuant to Retirement and Social Security Law § 609 (c), "a member shall only be eligible to obtain credit for active service with a participating employer." "Active service" is defined as "service while being paid on the payroll of a participating employer" during the relevant period in question (Retirement and Social Security Law § 601 [a]; see Matter of Snyder v New York State & Local Retirement Sys., 211 AD3d 1269, 1270 [3d Dept 2022]).
Here, the parties do not disagree that petitioner was on the City's payroll, albeit at a de minimis salary, and that the City is a participating employer in the Retirement System. In denying the application for additional service credit, however, the Comptroller found that, because the $1 annual salary from the City fell below minimum wage pursuant to Retirement and Social Security Law § 609 (a) (1) (iii), there was insufficient evidence for petitioner to qualify for creditable service during the relevant period. We agree with petitioner that the Comptroller improperly relied on Retirement and Social Security Law § 609 (a) (1) (iii), rather than on the plain language of Retirement and Social Security Law § 609 (c). Retirement and Social Security Law § 609 (a) (1) specifically applies to "[a] member who works less than full time, which . . . shall mean less than [30] hours a week," and sets forth the calculation for determining service credit for such part-time member (see also Retirement & Social Security Law §§ 446 [a] [1] [c]; 513 [a] [1] [iii]).
There is no dispute, however, that petitioner worked in the appointed position as Director of Recreation full time. To that end, petitioner testified that she worked no less than 40 hours a week, typically 11 to 12 days during the biweekly pay period, performing her job duties, which involved supervising all recreational staff and activities in the City, including, among other things, programs, buildings, parks, playgrounds, swimming and recreation centers, ice rinks and special events — which duties she testified did not change once the City began paying her salary in July 2001. Petitioner's testimony regarding her full-time employment status and job duties was corroborated by the Mayor and her predecessor — whose salary had been paid by the City during his tenure. Notably, the Retirement System's witness, a manager in the service credit purchase unit, acknowledged that there is no evidence that petitioner was working less than 80 hours every pay period, which he agreed would be considered full time.
The Comptroller's determination that petitioner was not entitled to service credit was based upon calculations using petitioner's annual salary reported by the City and the minimum hourly wage in effect at the time. Although such factors are to be taken into consideration in the calculation [*3]of service credit in connection with members who work "less than [30] hours a week" (Retirement and Social Security Law § 609 [a] (1)), such "calculation[s are] only to be used . . . when the participating employer has not certified the number of hours worked by the member" (Matter of Itzenplitz v McCall, 282 AD2d 889, 890 [3d Dept 2001], citing 2 NYCRR 318.2 [a] [2]) — which is not the case here. In addition to the foregoing testimony regarding petitioner's full-time employment status, the City's employment records during the relevant period were submitted verifying that petitioner worked a minimum of 80 hours each pay period, the maximum number of hours that could be reported in a pay period. Given the City's certification that petitioner worked for 80 hours every pay period, the Comptroller's reliance on the calculations set forth in Retirement and Social Security Law § 609 (a) (1) (iii), which specifically applies to members who work "less than [30] hours a week," is contrary to the plain language of the statute. As such, the Comptroller's determination that petitioner was not entitled to service credit based upon Retirement and Social Security Law § 609 (a) (1) (iii) is unreasonable and irrational and not supported by substantial evidence (cf. Matter of Itzenplitz v McCall, 282 AD2d at 890). We therefore remit the matter for the Comptroller's reconsideration as to whether the request for petitioner to receive additional service credit for the period in question is warranted.
Pritzker, J.P., Reynolds Fitzgerald, Ceresia and Powers, JJ., concur.
ADJUDGED that the determination is annulled, without costs, and matter remitted to respondent Comptroller for further proceedings not inconsistent with this Court's decision.