*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 7, 2016                     521161
_____

In the Matter of VICTOR H.
    BATORKSY,
                        Appellant,

        v

NEW YORK STATE OFFICE OF THE
    COMPTROLLER et al.,                   MEMORANDUM AND ORDER
                        Respondents.

ANGELA M. BATORKSY,
                        Respondent.


_____


Calendar Date:  February 18, 2016

Before:  Peters, P.J., Garry, Rose and Devine, JJ.

                        _____


        Victor H. Batorsky, Rensselaer, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for New York State Office of the Comptrollers
and others, respondents.

        Young, Fenton, Kelsey & Brown, PC, Albany (Andrea L. Kelsey
of counsel), for Angela M. Batorsky, respondent.


                        _____


Garry, J.

        Appeal from an order and judgment of the Supreme Court
(O'Connor, J.), entered July 30, 2014 in Albany County, which
dismissed petitioner's application, in a combined proceeding
pursuant to CPLR article 78 and action for declaratory judgment,
to review a determination of the Deputy Comptroller denying

petitioner's request to change his retirement election option.

Petitioner, a retired state employee and member of respondent New York State and Local Retirement System, was formerly married to interested party Angela M. Batorsky, who is also a retired state employee and Retirement System member. Their 2002 judgment of divorce and incorporated stipulations of settlement required petitioner to pay a share of his pension benefits to Batorsky calculated according to the formula set forth in Majauskas v Majauskas (61 NY2d 481 [1984]). In 2005, Supreme Court (Ceresia Jr., J.) signed a domestic relations order (hereinafter the 2005 order) that, as relevant here, directed petitioner to select Batorsky as alternate payee upon his retirement and to elect a specified retirement option by which, following his death, she would receive a benefit calculated according to the Majauskas formula.[1] The Retirement System subsequently calculated the survivorship benefits in accord with this plan.

Petitioner thereafter sought postjudgment relief relative to the distribution of his pension benefits. While engaged in these negotiations, petitioner also filed an application to retire with an effective date of September 25, 2010. In response to his notification regarding potential revisions, in August 2010, the Retirement System advised that it would implement the 2005 order unless it was served with an order terminating or amending it before September 25, 2010. Thereafter, the Retirement System advised petitioner of the requirements of the 2005 order and directed him to complete and sign a retirement option election form. In the fall of 2010, following additional communications with the parties and their counsel, the Retirement System approved a proposed amended domestic relations order, and extended the deadline for petitioner to submit his option form to

---

[1] A corresponding order required Batorsky to make certain retirement elections for petitioner's benefit; that order is not at issue in this appeal.

October 31, 2010.[2]  Late in October 2010, the Retirement System advised petitioner that the deadline could not be further extended, and that the Retirement System was legally bound to implement the 2005 order until it was served with an order that superseded or vacated it or restrained the Retirement System from implementing it.  No such order was served before October 31, 2010.  The Retirement System advised petitioner in November 2010 that it would apply the terms of the 2005 order to his retirement.  In December 2010, petitioner requested a hearing to dispute this determination.

Also in December 2010, upon the consent of petitioner and Batorsky, Supreme Court issued an amended domestic relations order (hereinafter the 2010 order) that vacated and superseded the 2005 order and, among other things, changed the calculation of Batorsky's survivorship benefit.  The Retirement System refused to implement the 2010 order, stating that a retiree has 30 days after the first day of the month following the effective date of his or her retirement to change an option election pursuant to Retirement and Social Security Law §§ 90 and 100, that the time to alter Batorksy's survivorship benefit had passed as a matter of law, and that payments would continue to be made pursuant to the 2005 order until the Retirement System received an amended order "which satisfies the requirements of law."

Supreme Court issued a new amended domestic relations order upon consent in August 2011 (hereinafter the 2011 order).  The 2011 order vacated the 2005 and 2010 orders and changed the amount of the monthly retirement allowance payable to Batorsky during petitioner's lifetime, but did not alter the amount of her survivorship benefit from that specified in the 2005 order.  The Retirement System accepted and implemented the 2011 order.[3]

---

[2]  The Retirement System asserts that petitioner never submitted a signed option election form.  Although we note that petitioner disagrees, the only copy of the form in the record is unsigned and contains a note that petitioner refused to sign it.

[3]  The alteration in the percentage of petitioner's monthly retirement allowance during his lifetime was acceptable to the

Thereafter, hearings were held upon petitioner's prior request. Petitioner argued that the amount of Batorsky's survivorship benefit under the 2011 order should be decreased and, in the alternative, that the Retirement System erred in refusing to accept the 2010 order. The Hearing Officer found that petitioner could not change the percentage of the survivorship benefit from that specified in the 2005 order because the option election had become irrevocable on October 31, 2010 pursuant to Retirement and Social Security Law § 90 (e). Thereafter, the Deputy Comptroller issued a final determination denying petitioner's application. Petitioner, pro se, thereafter commenced this combined CPLR article 78 proceeding and declaratory judgment action seeking, among other things, vacatur of the 2011 order and implementation of the 2010 order. Respondents opposed and, in July 2014, Supreme Court (O'Connor, J.) dismissed the petition/complaint, finding that the Deputy Comptroller's determination was not arbitrary or capricious. Petitioner appeals.

Petitioner's several challenges to Supreme Court's determination are fundamentally premised on the theory that the Retirement System improperly refused to allow him to change Batorsky's survivorship benefit. Initially, we must note that, insofar as his claims relate to the 2010 order, they are moot. Petitioner stipulated to the issuance and implementation of the 2011 order after engaging in negotiations in which he was represented by counsel. The amended stipulation and order provides that it sets forth the full agreement between petitioner and Batorsky and that petitioner entered into it freely and voluntarily. The 2011 order issued thereafter upon this stipulation provides that it "replaces and supersedes" both the 2005 and 2010 orders and that those orders are "hereby vacated." Petitioner does not claim that the 2011 order is invalid or defective. Accordingly, the rights of the parties related to the

_____

Retirement System because it merely represented a redistribution between Batorsky and petitioner of the same amounts that were already payable under the 2005 order and did not alter the underlying actuarial calculation, as would have resulted if the survivorship benefit had been changed.

2010 order cannot be affected by the determination of this appeal, and petitioner's claims premised upon that order are moot (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; see also Matter of Feustel v Rosenblum, 6 NY3d 885, 886 [2006]; Reyes v Sequeira, 64 AD3d 500, 505-506 [2009]).

As to the 2011 order, petitioner asserts that it should be amended to alter the survivorship benefit, and that the Retirement System improperly refused to permit him to do so. These claims are unavailing, as petitioner is not entitled to the relief he seeks. The Comptroller has exclusive authority to determine the validity of applications by Retirement System members for any form of retirement benefits (see Retirement and Social Security Law § 74 [b]; Matter of Ratzker v Office of the N.Y. State Comptroller [N.Y. State & Local Retirement Sys.], 106 AD3d 1321, 1322 [2013], lv denied 22 NY3d 854 [2013]; Matter of Siepierski v New York State & Local Retirement Sys., 46 AD3d 1316, 1317 [2007]). In making such determinations, the Comptroller's interpretation of the statute that he or she is charged with enforcing must be upheld if it is not "'irrational, unreasonable or inconsistent with the governing statute'" (Matter of Brandt v DiNapoli, 126 AD3d 1165, 1167 [2015], lv denied 26 NY3d 904 [2015], quoting Matter of Whitehill v New York State Teachers' Retirement Sys., 142 AD2d 902, 904 [1988]). It was petitioner's burden to prove that the Retirement System incorrectly determined that the percentage of the option specified in the 2005 order became irrevocable on October 31, 2010 pursuant to Retirement and Social Security Law § 90 (e). This burden was not met.

The governing statute provides that "an option selection previously filed by a member . . . may be changed no later than [30] days following the date of payability of his or her retirement allowance" (Retirement and Social Security Law § 90 [e]). The date of payability is "the first day of each and every month beginning on the first day of the month following the effective date of retirement" (Retirement and Social Security Law § 100). Petitioner's retirement became effective on September 25, 2010; thus, the date of payability was October 1, 2010, and October 31, 2010 was 30 days after the date of payability. There is no statutory exception permitting a retiree to change a valid

option election after the time to make such an election has expired, and "[t]he absence of statutory prohibition does not permit [this Court] to imply the power with which the Comptroller must be endowed to conform legally with . . . petitioner's present demand" (Matter of Morrissey v New York State Employees' Retirement Sys., 298 NY 442, 449 [1949]; see Matter of O'Brien v DiNapoli, 116 AD3d 1124, 1126 [2014]).  Thus, the determination that the option election contained in the 2005 order became irrevocable on October 31, 2010 was neither irrational nor unreasonable, and must be upheld.

Petitioner's argument that he sought only a change in the percentage of the survivorship benefit rather than a change in the option election is without merit, as the concepts are inseparable.  An erroneous statement by respondents in a memorandum of law submitted to Supreme Court to the effect that the Retirement System rejected the 2011 order did not constitute a concession or admission, but was merely a typographical error, clearly contradicted by the record.  To the extent that petitioner's remaining arguments are not moot, they are without merit or premised upon matters beyond the administrative record and/or "the grounds invoked by the agency" (Matter of Rizzo v New York State Div. of Hous. & Community Renewal, 6 NY3d 104, 110 [2005] [internal quotation marks and citations omitted]).

Peters, P.J., Rose and Devine, JJ., concur.


ORDERED that the order and judgment is affirmed, without costs.




ENTER:


Robert D. Mayberger
Clerk of the Court