Matter of Direct Energy Servs., LLC v New York State Pub. Serv. Commn. (2019 NY Slip Op 05739)





Matter of Direct Energy Servs., LLC v New York State Pub. Serv. Commn.


2019 NY Slip Op 05739


Decided on July 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 18, 2019

527329

[*1]In the Matter of DIRECT ENERGY SERVICES, LLC, Appellant,
v
NEW YORK STATE PUBLIC SERVICE COMMISSION et al., Respondents.

Calendar Date: May 31, 2019

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Pritzker, JJ.


Barclay Damon LLP, Albany (George M. Pond of counsel), for appellant.
John J. Sipos, Public Service Commission, Albany (Salomon T. Menyeng of counsel), for respondents.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from a judgment of the Supreme Court (Koweek, J.), entered December 11, 2017 in Albany County, which, among other things, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents partially denying petitioner's request to preserve confidentiality of its records.
In December 2016, respondent Secretary of respondent Public Service Commission (hereinafter PSC) issued a notice commencing a proceeding to determine, among other things, whether retail energy services companies were workably competitive [FN1]. The notice provided in part that there would be "an evidentiary hearing at which sworn testimony and exhibits will be subject to cross-examination." Two Administrative Law Judges (hereinafter ALJs) were assigned to conduct and oversee the hearing, and the parties included the Department of Public Service, the Utility Intervention Unit of the Department of State and the Attorney General (hereinafter collectively referred to as the state agency parties), as well as petitioner, an energy services company, other energy services companies and public utilities. Incident to the proceedings, the ALJs requested that petitioner disclose certain information, including detailed pricing and sales data, that petitioner regarded as confidential and commercially sensitive (hereinafter protected information). In February 2017, the ALJs issued a ruling adopting a protective order that delineated the process to be followed by parties when responding to discovery requests seeking information claimed to be protected from public disclosure under the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]). Despite [*2]concerns expressed by multiple parties as to whether the state agency parties could assure that protected information would not be disclosed under FOIL without further established procedures, in March 2017, the ALJs declined to modify the February 2017 ruling. Subsequently, petitioner sought review of the March 2017 ruling and, in April 2017, the Secretary, while partially denying the appeal, remanded the issue to the ALJs to further address certain issues. Petitioner then commenced this CPLR article 78 proceeding seeking, among other things,[FN2] review of the April 2017 determination, alleging, among other things, that the Secretary's determination was arbitrary and capricious.
After the matter was remanded to the ALJs pursuant to the Secretary's April 2017 determination, the ALJs issued a ruling setting forth the various circumstances under which they believed disclosure of protected information could be requested, as well as their understanding of how the February 2017 protective order governed disclosure. The ALJs invited comments by any interested parties for their consideration prior to developing any further processes. Subsequently, in June 2017, upon considering the further comments received from interested parties, the ALJs issued a ruling modifying the protective order. Notably, this ruling modified the April 2017 determination, which had stated that protected information should be provided directly to state agency parties, to instead instruct that protected information should be provided only to the ALJs. Petitioner administratively appealed the June 2017 ruling and, in August 2017, the Secretary issued a determination denying the appeal, but clarified the state agency parties' obligations with respect to protected information. Petitioner neither appealed nor otherwise challenged the Secretary's August 2017 determination. Ultimately, in December 2017, Supreme Court dismissed petitioner's CPLR article 78 proceeding challenging the April 2017 determination. Petitioner appeals.
On appeal, petitioner challenges those portions of the April 2017 determination that required it to disclose protected information to the state agency parties. However, the August 2017 determination, which is not at issue on appeal, superseded the April 2017 determination inasmuch as it no longer required disclosure directly to state agency parties. As such, the portion of the April 2017 determination being challenged is no longer enforceable. Accordingly, the rights of the parties related to this determination "cannot be affected by the determination of this appeal, and petitioner's claims premised upon that [determination] are moot" (Matter of Batorsky v New York State Off. of the Comptroller, 138 AD3d 1211, 1213 [2016], citing Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). Additionally, the appeal is moot because the underlying evidentiary hearing has concluded and petitioner did not disclose any protected information to the state agency parties (see Matter of Lesher v Hynes, 19 NY3d 57, 68 [2012]; Matter of DeFreitas v New York State Police Crime Lab, 141 AD3d 1043, 1044 [2016])[FN3]. To the extent that petitioner argues that the exception to the mootness doctrine applies, we are unpersuaded (see generally Matter of Hearst Corp. v Clyne, 50 NY2d at 714).
Garry, P.J., Egan Jr., Lynch and Mulvey, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.



Footnotes

Footnote 1: An energy services company is "an entity eligible to sell energy services to end-use customers using the transmission or distribution system of a utility" (General Business Law § 349-d [1] [b]).

Footnote 2: Petitioner sought a preliminary injunction and was granted certain temporary relief.

Footnote 3: Petitioner's argument that the proceeding may be reopened is speculative and, even if that occurred, petitioner could then again seek judicial intervention, including injunctive relief.